UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CHAD EDWARD JOHNSON,

    Plaintiff,

v.                                            CASE NO.: 4:21-cv-470-MW-MAF

LT. JACKIE SOLOMON, OF THE
LIBERTY COUNTY SHERIFF'S
DEPARTMENT, in her official capacity

    Defendants.

_____

## DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW, Defendant Lt. Jackie Solomon, of the Liberty County Sheriff's Department, in her official capacity, by and through her undersigned counsel, and files this Motion to Dismiss Plaintiff's First Amended Civil Rights Complaint (ECF No. 6), pursuant to Rule 12(b)(6), Fed. R. Civ. P. and states the following:

## PROCEDURAL HISTORY

1. On December 22, 2021, Plaintiff filed his First Amended Civil Rights Complaint (hereinafter, "Complaint"). (ECF No. 6).

2. The Complaint alleges that: (a) Plaintiff is suing Lt. Jackie Solomon, in her official capacity (ECF No. 6, p. 2); (b) the claims are based upon 42 U.S.C. § 1983, against State/Local Officials (ECF No. 6, p. 3-4); (c) Plaintiff is a "Pretrial Detainee"

(ECF 6, p. 4); and (d) Plaintiff's claims are based upon alleged 8th Amendment violations of (1) Unnecessary Use of Force, and (2) Cruel and Unusual Punishment. (ECF No. 6, p. 7-8).

3. Plaintiff, as a Pretrial Detainee, has failed to state a claim upon which relief can be granted as to any alleged 8th Amendment violations.

4. The Complaint is brought against Lt. Solomon, of the Liberty County Sheriff's Office, in her official capacity. Accordingly, this Complaint attempts to assert causes of action against Sheriff Money, in his official capacity as Sheriff of Liberty County, Florida.

5. The Complaint fails to state any cause of action against the Defendant pursuant to 42 U.S.C. § 1983. See: *Monell v. Dep't of Soc. Servs*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

WHEREFORE, the Defendant respectfully requests that this Court grant this Motion to Dismiss regarding the Plaintiff's First Amended Complaint (ECF No. 6).

## MEMORANDUM OF LAW

A.   **Legal Standards**

A complaint must "include sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face'," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)), and if it does not, the complaint is subject to dismissal. *See* Fed. R. Civ. P. 12(b)(6). A claim has

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *See Iqbal*, 556 U.S. at 677-78. While pro se complaints are held to less stringent standards than those drafted by an attorney, a pro se complaint must still provide notice of the claim and the grounds upon which it rests. *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336 (2005).

B. **Plaintiff's Pretrial Detainee Status**

Plaintiff alleges he was a pretrial detainee during a period of incarceration at the Liberty County Jail, thus his claims are governed by the Due Process Clause of the Fourteenth Amendment not the Eighth Amendment. *Jackson v. West*, 787 F.3d 1345, 1352 (11th Cir. 2015). To the extent that the Complaint seeks to impose any liability against the Defendant based upon an alleged violation of the 8th Amendment, said claim(s) should fail due to Plaintiff's status as a Pretrial Detainee and the non-applicability of the 8th Amendment to anyone deemed to be a Pretrial Detainee.

C. **Official Capacity Claims**

As stated above, the Plaintiff has brought suit against Lt. Jackie Solomon, of the Liberty County Sheriff's Office, in her official capacity. Given that allegation, this suit is, in essence, an action against the governmental entity which employs her, i.e., Sheriff Money, in his official capacity as Sheriff of Liberty County, Florida. *Cook ex-rel. Estate of Tessier v. Sheriff of Monroe Cty. Fla.*, 402 F.3d 1092, 1115 (11th Cir.

2005) (Official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent. As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. It is not a suit against the official personally, for the real party in interest is the entity.") (quoting *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985)).

Section 1983 does not, itself, create a substantive right for an individual; rather, it provides a "remedy for deprivations of federal rights established elsewhere." *Wideman v. Shallowford Cmty. Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir.1987) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808 (1985)). In order for Plaintiffs to establish a violation of § 1983, two elements must be met: (1) a deprivation of rights, privileges or immunities secured by the Constitution and laws must have occurred, and (2) said deprivation was caused by a person acting under the color of the law. *Id.* (citing *Dollar v. Haralson County*, 704 F.2d 1540, 1542-43) (11th Cir.1983). A violation of a duty of care sounding in tort will not subsequently impose § 1983 liability, regardless of whether it was committed by a state actor. *Id.* Plaintiff can prove neither in this case.

Furthermore, governmental entities may be held liable pursuant to § 1983 only for the execution of governmental policies or customs. *Quinn v. Monroe County*, 330 F.3d 1320, 1325 (11th Cir.2003). A government actor's policy must be more than

loosely related to some constitutional violation; indeed "[t]he official policy or custom must be the moving force of the constitutional violation in order to establish liability of a government body under § 1983." *Cuesta v. Sch. Bd. of Miami-Dade County, Fla.*, 285 F.3d 962, 967 (11th Cir.2002) (citing *Gilmere v. City of Atlanta, Ga.*, 737 F.2d 894, 901 (11th Cir.1984)) (internal quotes omitted). Indeed, Plaintiff "must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." *Bd. of the County Comm'rs v. Brown,* 520 U.S. 397, 404 (1997).

An *entity,* like the Sheriff in his official capacity*,* is liable under 42 U.S.C. § 1983 only when its "official policy" causes the Constitutional violation. *Marsh v. Butler Cty.*, 268 F.3d 1014, 1027 (11th Cir. 2001) (en banc). For purposes of a claim under 42 U.S.C. § 1983, a governmental entity cannot be held liable under a *respondeat superior* theory. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed. 2d 611 (1978); see also *City of Canton*, 489 U.S. at 385 (citing *Monell v. N.Y. City of Dep't Soc. Servs.*, 436 U.S. 658 (1978)).

The Complaint fails to satisfy the "rigorous standards of culpability and causation ... applied to ensure that the [Sheriff] is not held liable solely for the actions of its employee." *Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown,* 520 U.S. 397, 405 (1997). Specifically, there is no reference to or identification of any specific policies, customs, or practices which caused any alleged Constitutional violation and/or whether any alleged Constitutional violation was motivated by the Sheriff's

policies, customs, or practices. Thus, any and all claim(s) against the Defendant, in an official capacity, should be dismissed for failure to state a cause of action pursuant to Rule 12(b)(6), Fed. R. Civ. P.

Respectfully submitted this 25th day of March 2022.

                                              WARNER LAW FIRM, P. A.

                                              ***/s/ Jennifer A. Hawkins***
                                              Jennifer A. Hawkins
                                              Florida Bar No. 0017694
                                              Timothy M. Warner
                                              Florida Bar No. 0642363
                                              501 West 11th Street, Suite A
                                              Panama City, FL 32401
                                              Phone No. (850) 784-7772
                                              pleadings@warnerlaw.us
                                              *Counsel for Defendant*

## CERTIFICATE OF COMPLIANCE OF RULE 7.1

Pursuant to Local Rule 7.1(F), I hereby certify that the foregoing motion and memorandum is 1167 words in length.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing was filed via CM/ECF this 25th day of March 2022, and mailed to Plaintiff at:

Chad Edward Johnson, I.D. # 2021-007468
Bay County Jail
5700 Star Lane
Panama City, FL  32404

                                        ***/s/ Jennifer A. Hawkins***
                                        Jennifer A. Hawkins
                                        Florida Bar No. 0017694