**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**CHAD EDWARD JOHNSON,
# 2021-007468,**

   **Plaintiff,**

**vs.**         **Case No. 4:21cv470-MW-MAF**

**LT. JACKIE SOLOMON,**

   **Defendant.**
**_____/**

## REPORT AND RECOMMENDATION

   Plaintiff, an inmate proceeding pro se and with in forma pauperis status, filed an amended civil rights complaint, ECF No. 6, on December 22, 2021.  Service was directed, ECF No. 10, and the Defendant responded by filing a motion to dismiss, ECF No. 16, on March 25, 2022.  Plaintiff was advised of his obligation to file a response to the motion, ECF No. 17, and his response was timely filed.  ECF No. 20.  The motion is ready for a ruling.

**Allegations of the Amended Complaint**

The events at issue in this case took place while Plaintiff was a pre-trial detainee at the Liberty County Jail. ECF No. 6. On the morning of March 22, 2020, Plaintiff was caught in an "unauthorized area" of the jail and was placed in a down stairs holding cell. ECF No. 6 at 5. Defendant Solomon came to the holding cell with pepper spray in her hand and asked why Plaintiff thought he could "go into her officer's station?" *Id.* While Plaintiff was sitting down and not being aggressive or disruptive, and before he could answer, Defendant Solomon sprayed him with pepper spray and then turned and walked away. *Id.* at 5-6; *see also* ECF No. 6 at 8. Plaintiff was left in that cell "for a while" before being escorted to a confinement cell which had a non-working shower. *Id.* at 6. Plaintiff did his best to wash off the spray in the sink and toilet. *Id.* Plaintiff alleged that he was not given a shower or clean clothes for over 24 hours. *Id.*

Plaintiff has sued the Defendant pursuant to 42 U.S.C. § 1983 and asserts Eighth Amendment claims for the use of unnecessary force and cruel and unusual punishment. *Id.* at 9. Plaintiff seeks monetary damages, and for the Defendant "to lose her position as Lieutenant." *Id.*

**Motion to Dismiss**

Defendant argues that Plaintiff's amended complaint [hereinafter "complaint"] fails to state an Eighth Amendment claim because he was a pretrial detainee during the events at issue. ECF No. 16 at 3. Furthermore, Plaintiff sued Defendant Solomon in her official capacity, but he did not allege facts to support such a claim. *Id.* at 3-6. Defendant requests that all claims brought against her in her official capacity should be dismissed. *Id.* at 6.

**Standard of Review**

The issue on whether a complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failing to state a claim upon which relief can be granted is whether the plaintiff has alleged enough plausible facts to support the claim stated. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L. Ed. 2d 929 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting Twombly,

550 U.S. at 570, 127 S. Ct. 1955).[1]  "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged."  Iqbal,

556 U.S. at 678, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556, 127

S. Ct. at 1965); *see also* Wilborn v. Jones, 761 F. App'x 908, 910 (11th Cir.

2019).  "The plausibility standard" is not the same as a "probability

requirement," and "asks for more than a sheer possibility that a defendant

has acted unlawfully."  Iqbal, 556 U.S. at 677 (quoting Twombly, 550 U.S.

at 556).  A complaint that "pleads facts that are 'merely consistent with' a

defendant's liability," falls "short of the line between possibility and

plausibility."  Iqbal, 129 556 U.S. at 677 (quoting Twombly, 550 U.S. at

557).

The pleading standard is not heightened, but flexible, in line with Rule

8's command to simply give fair notice to the defendant of the plaintiff's

claim and the grounds upon which it rests.  Swierkiewicz v. Sorema, 534

U.S. 506, 122 S. Ct. 992, 998, 152 L. Ed. 2d 1 (2002) ("Rule 8(a)'s

---

[1] The complaint's allegations must be accepted as true when ruling on a motion to dismiss, Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992), *cert. denied*, 113 S. Ct. 1586 (1993), and dismissal is not permissible because of "a judge's disbelief of a complaint's factual allegations."  Twombly, 127 S. Ct. at 1965, (quoting Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989)).

simplified pleading standard applies to all civil actions, with limited exceptions.").  Pro se complaints are held to less stringent standards than those drafted by an attorney.  Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986) (citing Haines v. Kerner, 404 U.S. 519, 520-521, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972)).  Nevertheless, a complaint must provide sufficient notice of the claim and the grounds upon which it rests so that a "largely groundless claim" does not proceed through discovery and "take up the time of a number of other people . . . ."  Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005) (quoted in Twombly, 550 U.S. at 558).

One additional principle bears highlighting: a motion to dismiss does not test the truth of a complaint's factual allegations.  As noted above, factual allegations, though not legal conclusions, must be "accepted as true," Ashcroft, 556 U.S. at 678, 129 S. Ct. at 1949, even when they are "doubtful in fact."  Twombly, 550 U.S. at 555, 127 S. Ct. at 1965.  "Instead, it remains true, after Twombly and Iqbal as before, that 'federal courts and litigants must rely on summary judgment and control of discovery to weed out unmeritorious claims sooner rather than later.'"  Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168-69

(1993) (quoted in <u>Yawn v. Sec'y of Dep't of Corr.</u>, No. 5:13cv228-RH/EMT,

2017 WL 2691423, at *1 (N.D. Fla. June 21, 2017)).

**Analysis**

**A.    Eighth Amendment Claims**

Defendant contends that because Plaintiff "was a pretrial detainee

during a period of incarceration at the Liberty County Jail," his claims "are

governed by the Due Process Clause of the Fourteenth Amendment not

the Eighth Amendment."  ECF No. 16 at 3.  Defendant argues that

Plaintiff's Eighth Amendment claims "should fail."  *Id.*

In response, Plaintiff states that he filed his "complaint under the 8th

Amendment because that's where" he believed his "claim fits."  ECF No. 20

at 1.  He admits he is "a non-convicted pretrial detainee" but states he "did

not know there was a difference between a free person and a non-

convicted pre-trial detainee."  *Id.*  He reiterates that his claims are for

"unnecessary use of force" and "cruel and unusual punishment" and he

asks that his complaint not be dismissed due to his "ignorance."  *Id.* at 1, 2.

A claim for the use of excessive force may arise under either the

Fourth, Eighth, or Fourteenth Amendments.  When force is used in the

context of making an arrest, such a claim arises under the Fourth

Amendment.  Graham v. Connor, 490 U.S. 386, 388, 109 S. Ct. 1865,
1867-68, 104 L. Ed. 2d 443 (1989) (holding that "free citizen's claim that
law enforcement officials used excessive force in the course of making an
arrest" is "properly analyzed under the Fourth Amendment's 'objective
reasonableness' standard, rather than under a substantive due process
standard").  When excessive force is allegedly used on a convicted
prisoner, it is analyzed under an Eighth Amendment standard.  Whitley v.
Albers, 475 U.S. 312, 318-326, 106 S. Ct. 1078, 1083-1088, 89 L. Ed. 2d
251 (1986).  However, a pretrial detainee's excessive force claim is based
on the Due Process Clause of the Fourteenth Amendment and, as recently
clarified by the United States Supreme Court, the standard used in
analyzing such a claim is "solely an objective one."  Kingsley v.
Hendrickson, 576 U.S. 389, 397, 135 S. Ct. 2466, 2473, 192 L. Ed. 2d 416
(2015).

    Claims based on the conditions of confinement may be based on
either the Eighth Amendment or the Fourteenth Amendment.  The Due
Process Clause of the Fourteenth Amendment "prohibits the imposition of
punishment on those who have not yet been convicted of a crime, rather
than the Eighth Amendment's prohibition against cruel and unusual

punishment, which governs claims of convicted inmates." Bell v. Wolfish, 441 U.S. 520, 99 S.Ct. 1861 (1979); Cottrell v. Caldwell, 85 F.3d 1480, 1490 (11th Cir. 1996) ("Claims involving the mistreatment of arrestees or pretrial detainees in custody are governed by the Fourteenth Amendment's Due Process Clause instead of the Eighth Amendment's Cruel and Unusual Punishment Clause, which applies to such claims by convicted prisoners") (quoted in Foster v. S. Health Partners, No. 2:17-CV-835-WHA, 2021 WL 1233467, at *4 (M.D. Ala. Mar. 5, 2021), report and recommendation adopted, No. 2:17-CV-835-WHA, 2021 WL 1234514 (M.D. Ala. Apr. 1, 2021)).

The factual basis for this case is not in doubt, although the legal basis for presenting the claims was improperly alleged. Plaintiff's amended complaint, filed pro se, adequately explained the actions of the Defendant that Plaintiff challenges, and Plaintiff clarified that he was a pretrial detainee at the time of the events. ECF No. 6 at 4-7. Defendant, represented by counsel, was not unable to respond to the allegations because of the incorrect label given to Plaintiff's complaint. The question is whether the claims should be dismissed based on the pro se Plaintiff's label as argued by the Defendant.

As noted above, pleadings filed by pro se litigants are "liberally construed," and held to a "less stringent standard" of review than used when pleadings are drafted by lawyers. <u>Bilal v. Geo Care, LLC</u>, 981 F.3d 903, 911 (11th Cir. 2020). Furthermore, courts are required to ask "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (quoted in <u>Bilal</u>, 981 F.3d at 911). "A claim is plausible on its face 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoted in 981 F.3d at 911). The emphasis is on the facts alleged, not the legal theory asserted.

While a court "cannot act as de facto counsel or rewrite an otherwise deficient pleading to sustain an action," *see* 981 F.3d at 911, courts have liberally construed a complaint as presenting the more appropriate legal theory for the facts alleged. *See* <u>Taylor v. Adams</u>, 221 F.3d 1254, 1257, n.3 (11th Cir. 2000) (stating that because Mason was a pretrial detainee, "his Cruel and Unusual Punishment claims sound properly in the Fourteenth Amendment right to due process of law rather than in the

Eighth Amendment" but stating that they "are analyzed in identical fashion regardless of whether they arise under the Due Process Clause or the Cruel and Unusual Punishment Clause"); <u>Foster v. S. Health Partners</u>, No. 2:17-CV-835-WHA, 2021 WL 1233467, at *4 (M.D. Ala. Mar. 5, 2021), report and recommendation adopted, No. 2:17-CV-835-WHA, 2021 WL 1234514 (M.D. Ala. Apr. 1, 2021) (stating that "Foster's claims are therefore subject to review under the Due Process Clause of the Fourteenth Amendment, which prohibits the imposition of punishment on those who have not yet been convicted of a crime, rather than the Eighth Amendment's prohibition against cruel and unusual punishment, which governs claims of convicted inmates"); <u>Taylor v. Jones</u>, No. 3:18CV1722-MCR-HTC, 2019 WL 3781616, at *2 (N.D. Fla. July 9, 2019), report and recommendation adopted, No. 3:18cv1722-TKW- HTC, 2019 WL 3780050 (N.D. Fla. Aug. 12, 2019) ("Based on a liberal reading of the complaint, the undersigned will treat Taylor's excessive force and abuse of authority claims as seeking to state a claim for violation of the Fourteenth Amendment"); <u>Woods v. Rodgers</u>, No. 2:11-CV-240-WKW, 2012 WL 715318, at *2, n.4 (M.D. Ala. Feb. 10, 2012), report and recommendation adopted, No. 2:11-CV-240-WKW, 2012 WL 715259 (M.D. Ala. Mar. 6,

2012) (explaining that because plaintiff was a pre-trial detainee at the time of the events, the standard of review "is technically under the Fourteenth Amendment rather than the Eighth Amendment," but finding that "[f]or analytical purposes, there is no meaningful difference between the analysis required by the Fourteenth Amendment and that required by the Eighth Amendment").  It is not necessary to dismiss this case because the pro se Plaintiff labeled his claim as an Eighth Amendment violation rather than under the Fourteenth Amendment.  Hayward v. Van Houtan, No. 4:19-cv-75, 2021 WL 7185225, at *6 (S.D. Ga. Dec. 1, 2021), report and recommendation adopted, No. 419-cv-075, 2022 WL 18699 (S.D. Ga. Jan. 3, 2022) (rejecting argument that "Plaintiff failed to state a claim because he brought the claim under the wrong constitutional amendment" and finding that "Defendants were clearly on notice Plaintiff asserted an excessive force claim against them" even though plaintiff "only labeled his claim as one for excessive force").  Notably Defendant has not argued that Plaintiff's factual allegations fail to state a claim, and Defendant Solomon was clearly on notice of the nature and basis of Plaintiff's claims.  The motion to dismiss should be denied as to this argument and Plaintiff's complaint should be deemed to proceed under the Fourteenth Amendment.

Case No. 4:21cv470-MW-MAF

For the sake of clarity going forward, however, Plaintiff should be required to file a second amended complaint which presents his use of force claim and the claim for denying him a shower as Due Process claims under the Fourteenth Amendment.

## B.   Official Capacity Claims

Plaintiff's complaint raised his claims against the Defendant in her official capacity only.  ECF No. 6 at 2.  Defendant argues that such a claim must be based upon an official policy or custom which caused the constitutional violation.  *Id.* at 4-5.  Defendant points out that Plaintiff's complaint does not reference "any specific policies, customs, or practices which caused any alleged Constitutional violation and/or whether any alleged Constitutional violation was motivated by the Sheriff's policies, customs, or practices."  *Id.* at 5-6.  Thus, Defendant requests the dismissal of all claims against the Defendant which were raised against her in her official capacity.

Plaintiff states that he "filed the complaint against the defendant in her official capacity because the defendant was in uniform and on the clock at the time the complaint took place."  ECF No. 20 at 2.  Plaintiff contends

that Defendant Solomon "was acting under her official capacity when she" sprayed him with pepper spray. *Id.*

Suing a municipal employee in her "official capacity" is the same as bringing a claim against the municipality itself. *See* <u>Lewis v. Clarke</u>, 137 S. Ct. 1285, 1290-91, 197 L. Ed. 2d 631 (2017) (quoting <u>Kentucky v. Graham</u>, 473 U.S. 159, 165-166, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985), in stating that "lawsuits brought against employees in their official capacity 'represent only another way of pleading an action against an entity of which an officer is an agent,' and they may also be barred by sovereign immunity")). Defendant is correct that in asserting an official capacity claim, a plaintiff must "allege a policy, practice, or custom" which caused him harm by violating his constitutional rights. <u>Hoefling v. City of Miami</u>, 811 F.3d 1271, 1280 (11th Cir. 2016). That is so because a municipality cannot be "vicariously liable under § 1983 for [its] employees' actions." <u>Connick v. Thompson</u>, 563 U.S. 51, 60, 131 S. Ct. 1350, 179 L. Ed. 2d 417 (2011) (quoted in <u>Cooper v. Rutherford</u>, 828 F. App'x 619, 621 (11th Cir. 2020)). "Section 1983 imposes liability on a municipality . . . only if it deprives a plaintiff of rights protected by the Constitution or federal law under an official municipal policy. <u>Stewart v. Brunson</u>, No. 3:21-CV-617-WHA-SRW,

2021 WL 4859919, at *2 (M.D. Ala. Sept. 24, 2021), report and

recommendation adopted, No. 3:21-CV-617-WHA-SRW, 2021 WL

4847195 (M.D. Ala. Oct. 18, 2021) (citing Monell); *see also* Taig v. City of

Vero Beach, No. 9:21-CV-80391-RLR, 2022 WL 463900, at *3 (S.D. Fla.

Feb. 15, 2022) (quoting Monell - "Congress did not intend municipalities to

be held liable unless action pursuant to official municipal policy of some

nature caused a constitutional tort").

A municipality can be liable under § 1983 in three different ways.

First, liability can be based on "an official policy enacted by its legislative

body (e.g., an ordinance or resolution passed by a city council)." Hoefling,

811 F.3d at 1279 (citing Monell v. N.Y.C. Dep't of Soc. Servs., 436 U.S.

658, 692, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978), and McKusick v. City of

Melbourne, 96 F.3d 478, 483 (11th Cir. 1996)). "Municipal liability may also

attach if final policymakers have acquiesced in a longstanding practice that

constitutes the entity's standard operating procedure." Hoefling, 811 F.3d

at 1279 (citing to Bd. of Cty. Commissioners v. Brown, 520 U.S. 397, 403-

04, 117 S. Ct. 1382, 137 L. Ed. 2d 626 (1997); Brown v. City of Ft.

Lauderdale, 923 F.2d 1474, 1481 n.11 (11th Cir. 1991)). The third way a

municipality can be held liable is "on the basis of ratification when a

subordinate public official makes an unconstitutional decision and when that decision is then adopted by someone who does have final policymaking authority."  Matthews v. Columbia Cnty., 294 F.3d 1294, 1297 (11th Cir. 2002) (quoted in Hoefling, 811 F.3d at 1279).  In any of those scenarios, however, liability exists because "a municipal 'policy' or 'custom' is the moving force behind the constitutional violation."  Cooper, 828 F. App'x at 621.  To present a viable official capacity claim, there must be some indication and identification of a policy, custom, or practice.  828 F. App'x at 621.  It is incumbent that a "plaintiff seeking to impose liability on a municipality under § 1983 [must] identify a municipal 'policy' or 'custom' that caused the plaintiff's injury.'"  Board of County Comm'rs v. Brown, 520 U.S. 397, 403, 117 S.Ct. 1382, 1388, 137 L.Ed.2d 626 (1997) (quoted in Wayne v. Jarvis, 197 F.3d 1098, 1105 (11th Cir. 1999), overruled by Manders v. Lee, 338 F.3d 1304 (11th Cir. 2003)); McDowell v. Brown, 392 F.3d 1283, 1290 (11th Cir. 2004).

In this case, Plaintiff has not identified any policy, custom, or practice that caused the violation of his Fourteenth Amendment rights.  Plaintiff alleged only that Defendant Solomon sprayed him with pepper spray even though he was not creating a disturbance.  See ECF No. 6 at 5-6.

Case No. 4:21cv470-MW-MAF

Defendant Solomon allegedly sprayed him because Plaintiff had previously

gone into "her officers station" several hours earlier. *Id.* at 5. No specific

policy is mentioned or identified, and there is no basis to find that her

actions were taken pursuant to a custom or practice.[2] In short, Plaintiff has

not alleged sufficient facts to state a viable official capacity claim against

Defendant Solomon. The motion to dismiss should be granted. However,

in light of the fact that Plaintiff should be permitted to submit a second

amended complaint, Plaintiff should be afforded an opportunity to properly

assert his claims against the Defendant in her individual capacity only.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that Defendant's motion to

dismiss, ECF No. 16, be **GRANTED in part** and **DENIED in part**.

Plaintiff's amended complaint, ECF No. 6, should be **DISMISSED** because

he has not alleged a basis for an official capacity claim, but Plaintiff should

be provided an opportunity to file a second amended complaint to properly

identify his claims as proceeding under the Fourteenth Amendment and

---

[2] See <u>Depew v. City of St. Marys</u>, 787 F.2d 1496 (11th Cir. 1986) ("Normally, random acts or isolated incidents are insufficient to establish a custom or policy").

Case No. 4:21cv470-MW-MAF

against the Defendant in her individual capacity only.  It is also

**RECOMMENDED** that this case be **REMANDED** for further proceedings.

       **IN CHAMBERS** at Tallahassee, Florida, on June 14, 2022.


    S/     Martin A. Fitzpatrick
    **MARTIN A. FITZPATRICK**
    **UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

    **Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**