UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CHAD EDWARD JOHNSON,

    Plaintiff,

v.                                         CASE NO.: 4:21-cv-470-MW-MAF

LT. JACKIE SOLOMON, OF THE
LIBERTY COUNTY SHERIFF'S
DEPARTMENT,

    Defendants.

---

## **DEFENDANT'S ANSWER AND DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT[1]**

Defendant, Lt. Jackie Solomon, in her individual capacity, by and through undersigned counsel, hereby files her Answer and Defenses to Plaintiff's Second Amended Complaint [ECF No. 25] and states:

### **I. Parties to this Complaint**

A.     Admitted to the extent Chad Johnson, ID 2021-007468 is the Plaintiff; however, as to the remainder of the allegation, Defendant is without knowledge; therefore, denied.

---

[1] It should be noted that Plaintiff's handwritten pleading is entitled "Amended Complaint"; however, the current pleading is accurately referenced as Plaintiff's Second Amended Complaint.

B1. Admitted that Jackie Solomon was employed by the Liberty County Sheriff, at the Liberty County Jail, at all relevant times. As to the remainder of this allegation, denied.

## II. Basis for jurisdiction

Admitted for jurisdictional purposes only. Defendant denies that she committed any civil rights violations or tortious acts against this Plaintiff. Furthermore, Plaintiff denies any and all liability associated with this litigation.

## III. Prisoner status

Without knowledge; therefore, denied.

## IV. Statement of facts

1. Denied.
2. Denied.
3. Denied.
4. Denied.
5. Denied.
6. Denied.

## V. STATEMENT OF CLAIM

Defendant denies any and all liability associated with any alleged claims of violation of the Fourteenth Amendment associated with (1)

unnecessary use of force, or (2) cruel and unusual punishment. It is further denied that there is any basis for a separate, second cause of action for cruel and unusual punishment. Defendant denies that Plaintiff suffered any violation of his constitutional rights, or that he is entitled to any relief whatsoever.

## VI. RELIEF REQUESTED

Denied the Plaintiff suffered any violation of his constitutional rights, or that he is entitled to any relief.

## VII. EXHAUSTION OF ADMINISTRATIVE REMEDIES

Denied that Plaintiff exhausted all available administrative remedies.

## VIII. PRIOR LITIGATION

Without knowledge; therefore, denied.

## IX. CERTIFICATION

Without knowledge; therefore, denied.

## AFFIRMATIVE DEFENSES

1. Defendant, in her individual capacity, is immune from liability based upon the doctrine of qualified immunity, in that her actions were undertaken in good faith; were objectively and legally reasonable under the circumstances, and she did not violate any "clearly established law" which was in effect at the time of this alleged incident.

2. Any and all actions taken by Defendant Solomon were authorized by Florida Statutes and/or for a lawful purpose.

3. Defendant Solomon acted in conformity with established, reasonable, and generally accepted police procedure when she took any action.

4. The actions taken by Defendant were taken in an effort to protect her safety, to protect the safety of others, and/or to protect the community.

5. All actions taken by Defendant Solomon were conducted with the objectively reasonable belief that her actions were necessary, legal, and proper under the factual circumstances confronting them at the time.

6. While continuing to deny any and all liability, to the extent that Plaintiff's Second Amended Complaint is attempting to assert a claim against Defendant individually based upon an alleged violation of 42 U.S.C. § 1983, the actions of Defendant can properly be construed as reflecting, at most, nothing worse than mere negligence, and as such cannot form the basis for the imposition of liability against the Defendant under either Federal or State law and fails to state a claim for violation of an individual's civil or constitutional rights.

7. To the extent that Plaintiff could have mitigated the amount of damages he allegedly suffered and has failed to do so, any damages awarded to Plaintiff must be barred, set off, and/or reduced accordingly by wages, commission, compensation, pay, benefits, and all other earnings or remunerations, profits and benefits regardless of form received by Plaintiff or which were earnable or receivable with reasonable diligence.

8. Under the facts of this case Plaintiff did not suffer a constitutional deprivation.

9. Any damages suffered by Plaintiff were caused by his own negligent and/or unlawful actions.

11. Plaintiff fails to state a cause of action against Defendant for any violation of his constitutional rights.

12. Defendant Solomon was acting within the scope of her employment as Deputy Sheriff, employed by the Sheriff of Liberty County, and was not violating a clearly established law of which a reasonable law enforcement officer would be aware.

13. Defendant Solomon acted at all times in a manner which did not reflect willfulness, wantonness, maliciousness, or deliberate disregard for the safety of persons or property.

14. Under the facts and circumstances of this case, Plaintiff is not entitled to an award of punitive damages against Defendant.

15. To the extent, if any, that Plaintiff has been the recipient of any recovery from collateral sources, Defendant is entitled to a set-off from any damages awarded from those payments from collateral sources.

16. Plaintiff has failed to exhaust his administrative remedies.

## **DEMAND FOR JURY TRIAL**

Defendant, Jackie Solomon, in her individual capacity, demands a trial by jury on all issues so triable.

DATED this 10th day of August 2022.

          WARNER LAW FIRM, P. A.

          ***/s/ Jennifer A. Hawkins***
          Jennifer A. Hawkins, Esq.
          Florida Bar No. 0017694
          TIMOTHY M. WARNER
          Florida Bar No. 0642363
          501 West 11th Street, Suite A
          Post Office Box 1820 (32402)
          Panama City, Florida 32401
          Phone No. (850) 784-7772
          pleadings@warnerlaw.us
          *Counsel for Defendant,*
          *Jackie Solomon, in her individual*
          *capacity*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing was filed via CM/ECF this 10th day of August 2022, and a copy was mailed to the Plaintiff, via regular U.S. Mail at the following address: Chad Edward Johnson, I.D. # 2021-007468, c/o Bay County Jail, 5700 Star Lane, Panama City, FL 32404.

          ***/s/ Jennifer A. Hawkins***
          JENNIFER A. HAWKINS
          Florida Bar No. 0017694