# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**CHAD EDWARD JOHNSON,**

    **Plaintiff,**

vs.                                                                         **Case No. 4:21cv470-MAF**

**LT. JACKIE SOLOMON,**

    **Defendant.**

_____/

## **O R D E R**

This case is scheduled for a jury trial on May 8-9, 2023. ECF Nos. 48, 51. The case is before me upon consent of the parties. ECF No. 39.

Plaintiff, a prisoner in the custody of the Florida Department of Corrections, has been proceeding pro se in this civil rights case filed under 42 U.S.C. § 1983. He was granted leave to proceed in forma pauperis. ECF No. 5. Recently, the parties were directed to submit their pre-trial documents. ECF Nos. 40, 42, 48, 51. This pre-trial process has revealed to the Court that Plaintiff would be better served if he were represented by counsel as he has shown difficulty in complying with the pre-trial Orders. Thus, the Court has *sua sponte* considered the appointment of counsel.

While a plaintiff in a civil case has no constitutional right to counsel, a "court may request an attorney to represent any person unable to afford counsel," subject to the Court's discretion. 28 U.S.C. § 1915(e)(1); <u>Bass v. Perrin</u>, 170 F.3d 1312 (11th Cir. 1999).  Only exceptional circumstances warrant such a request, such as when a case presents "novel or complex" facts or legal issues that require the assistance of a trained practitioner. <u>Bass</u>, 170 F.3d at 1320.  In determining whether "exceptional circumstances" warrant appointment of counsel, the Court may consider various factors, including: (1) the type and complexity of the case, (2) whether the indigent is capable of adequately presenting his case, (3) whether the indigent is in a position to adequately investigate the case, and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination. <u>Ulmer v. Chancellor</u>, 691 F.2d 209, 213 (5th Cir. 1982) (cited with approval in <u>Fowler v. Jones</u>, 899 F.2d 1088, 1096 (11th Cir.1990)).

The parties did not file summary judgment motions and Defendant expressed her desire to proceed to trial.  ECF No. 37.  Because Defendant disputes Plaintiff's claims and contends the incident did not occur, *see* ECF No. 29, Defendant declined participation in a settlement conference.  ECF

No. 49. Therefore, this case proceeds as a genuine dispute between the parties and will involve conflicting testimony. Plaintiff claims Defendant "maliciously and sadistically" sprayed him with pepper spray; he contends it was retaliatory and unnecessary. ECF No. 25. Defendant denies it occurred. ECF No. 29. Plaintiff is unskilled and does not appear capable of adequately presenting his case. Indeed, it is unclear whether Plaintiff conducted any discovery. Although Plaintiff did not previously submit a motion requesting the assistance of an attorney, the Court now finds that on the eve of trial, Plaintiff would be better served by legal representation.

Plaintiff is advised that under 28 U.S.C. § 1915(e)(1), the Court may request representation for Plaintiff, but the Court may not compel an attorney to take Plaintiff's case. Accordingly, efforts will be made to secure representation for Plaintiff. He is advised, however, that there is no guarantee that an attorney will agree to take the case.

Furthermore, Plaintiff is informed that this Order does not relieve him of the obligation to comply with the pre-trials Orders. Plaintiff must still submit the five categories of pretrial documents and also provide them to opposing counsel. Plaintiff's deadline to comply remains as set - **March 17, 2023**. *See* ECF No. 51.

Accordingly, it is

**ORDERED**:

1.  This Order requires the Clerk of Court to publish on the Court's website a request for counsel to assist Plaintiff in this case.

2.  The Clerk of Court must include within the announcement that counsel shall be provided, without cost and upon request, copies of, or access to, all pleadings filed in this case to date.

3.  No later than **March 17, 2023**, Plaintiff shall <u>file</u> the following five (5) pretrial documents with the Court:

    A.  A narrative written statement of the facts that will be presented on his behalf through oral or documentary evidence at trial.

    B.  A list of all exhibits he will offer into evidence at the trial of the case, and he must furnish counsel for Defendant Solomon with a copy of each exhibit.

    C.  A list of the names and addresses of all the witnesses whom Plaintiff intends to call and a succinct summary of the expected testimony of each of those witnesses.

  D.  If any of the witnesses are inmates or detained in a county jail, the narrative written statement must be accompanied by a motion as described in this Order.

  E.  Any proposed jury instructions.

 4.  If Plaintiff does not have a list of exhibits to submit, or a list of witnesses he intends to call at trial, or does not desire to submit proposed jury instructions, Plaintiff must clearly state that in his pretrial filing.[1]

 5.  Plaintiff <u>must</u> serve upon counsel for Defendant a complete copy of all of the foregoing, and shall include in the original document filed with the Clerk of the Court a certificate stating the date a true and correct copy was mailed to Defendant's counsel.  **Failure to file a pretrial narrative may result in a cancellation of the trial and a recommendation of dismissal for failure to prosecute.**  Defendant shall notify the Court if Plaintiff fails to fully comply with this Order.

 6.  On or before **March 24, 2023**, Defendant shall serve upon Plaintiff all of her pretrial documents, which must also be filed with the Court.  *See* ECF No. 42.

---

[1] Compliance with this Order is not optional.  Plaintiff must submit a narrative written statement of the facts of his case.

Case No. 4:21cv470-MW-MAF

7.  Plaintiff must immediately file a notice of change of address to the Clerk's Office should his address change in any way.

8.  The Clerk of Court shall return this file upon receipt of responses from the parties, or no later than March 17, 2023.

**DONE AND ORDERED** on March 6, 2023.

> S/   Martin A. Fitzpatrick
> **MARTIN A. FITZPATRICK**
> **UNITED STATES MAGISTRATE JUDGE**