UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CHAD EDWARD JOHNSON,

    Plaintiff,

v.

LT. JACKIE SOLOMON,

    Defendant.

Case No. 4:21-cv-470-MAF-[CONSENT]

**PLAINTIFF'S *OPPOSED* MOTION TO STAY CIVIL ACTION PENDING RESOLUTION OF STATE CRIMINAL PROCEEDINGS AND FOR LEAVE FOR COUNSEL TO APPEAR FOR LIMITED PURPOSE**

    Per the Court's Order regarding Plaintiff's request for appointment of counsel [D.E. 78], the undersigned attorneys seek leave to appear on a limited basis *at this stage* to move for immediate stay relief given that Plaintiff faces *open* parallel criminal proceedings regarding the alleged acts at the Liberty County Jail that precede his claims of unlawful excessive force, and which alleged acts would be implicated at a trial here, possibly exposing him to adverse criminal jeopardy. As grounds, Plaintiff states:

    1.    Plaintiff brought the above-styled civil action on November 22, 2021 regarding the events that happened on March 22, 2020 at the Liberty County Jail. [D.E. 6]. According to the allegations in the operative complaint, Plaintiff asserts

1

that he was pepper sprayed and left to sit covered in chemical agents for more than 24 hours. [*Id.*]. Plaintiff asserts that preceding the use of chemical agents, he was in the control center—an unauthorized area of the jail. [*Id.*].

2. In April 2020—a month after the alleged incident—Plaintiff was criminally charged with felony escape and felony battery on a law enforcement officer in the matter of *State v. Johnson*, Case No. 20-43 CF (2d Jud. Cir. Ct.), in which the State of Florida seeks to hold Plaintiff criminally liable related to his alleged entry into the control center at the Liberty County Jail on March 22, 2020. *See* Probable Cause Affidavit, attached as **Exhibit 1**.

3. Those criminal proceedings remain open and pending. *See* Criminal Docket, attached as **Exhibit 2**.

4. Plaintiff has faced discovery in this case without adequate notice of the constitutional harms and without proper notice to his criminal defense counsel. At the same time, Plaintiff has not had access to important investigative materials relevant to his civil case due to the active state prosecution.

5. Given that a trial in this matter while the criminal proceedings remain pending would subject Plaintiff to possible criminal jeopardy, Plaintiff, through counsel on this limited basis, would ask the Court to stay these proceedings pending resolution of his criminal case.

6. Counsel has conferred with defense counsel, who opposes this relief.

## MEMORANDUM OF LAW

When a plaintiff files a civil claim related to rulings that will likely be made in a pending criminal trial, "it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007). The incident underlying Plaintiff's civil case took place on March 22, 2020. Plaintiff understood that he was required to file his § 1983 action within the relevant limitations period, "even if the § 1983 action may impugn an anticipated future conviction" *Watts v. Epps*, 475 F. Supp. 2d 1367, 1369 (N.D. Ga. 2007) (citing *Kato*, 549 U.S. at 385).

Plaintiff is now forced to face civil trial inadequately prepared and with the prospect of prejudicing his criminal case. There is an incentive for state prosecutors to delay resolving his criminal case in hopes of reaping helpful evidence from his civil trial. Given that Plaintiff would anticipate invoking Fifth Amendment protection on issues related to his claims in this case, a stay is warranted. *See, e.g., Ventura v. Brosky*, 2006 WL 3392207, at *1–2 (S.D. Fla. Nov. 21, 2006) (staying and administratively closing civil case due to parallel criminal proceeding against defendant police department employee who would invoke his Fifth Amendment rights); *United States v. Pinnacle Quest Int'l*, 2008 WL 4274498, at *1–2 (N.D. Fla. Sept. 11, 2008) (staying government's civil tax

3

evasion case pending resolution of an active, parallel criminal investigation); *Lay v. Hixon*, 2009 WL 1357384, at *4 (S.D. Ala. May 12, 2009) (staying civil proceeding in light of pending criminal case with considerable factual overlap and presenting significant prejudice to moving party).

When courts consider whether a movant has met his burden, the mere existence of parallel proceedings is not sufficient, but rather courts must consider "whether a [party] in both a civil and criminal matter is 'forced to choose between waiving his privilege against self-incrimination or losing the civil case in summary proceedings.'" *Shell Oil Co. v. Altina Associates, Inc.*, 866 F.Supp. 536, 540 (M.D. Fla.1994) (quoting *Pervis v. State Farm Fire & Casualty Co.*, 901 F.2d 944 (11th Cir.1990)). Here, there is not simply a mere, ethereal possibility of harm or disadvantage to Plaintiff. Any testimony concerning the events that occurred on March 22, 2020 at the Liberty County Jail could result in criminal jeopardy.

WHEREFORE, Plaintiff requests this Court stay this action pending the resolution of his state criminal charges and permit the undersigned counsel to appear on his behalf for the limited purpose of adjudicating this motion. If the Court denies this motion, Plaintiff would ask for an additional 30 days to file his pretrial documents.[1]

---

[1] It is possible Plaintiff may also request to obtain some documents outside the discovery period on a limited basis to prepare for trial if a stay is not granted.

4

Dated: March 17, 2023.

        Respectfully submitted,

        LAW OFFICE OF JAMES COOK

        */s/ James V. Cook*
        James V. Cook (FBN 966843)
        314 W. Jefferson Street
        Tallahassee, Florida 32301
        cookjv@gmail.com
        Tel. (850) 222-8080

        -and-

        SLATER LEGAL PLLC

        */s/ James M. Slater*
        James M. Slater (FBN 111779)
        113 S. Monroe Street
        Tallahassee, Florida 32301
        james@slater.legal
        Tel. (305) 523-9023

## Certificate of Service

I hereby certify that on March 17, 2023, I electronically filed the foregoing document with the Clerk by using the CM/ECF system, which will serve a copy on all counsel of record.

        By: */s/ James M. Slater*
            James M. Slater

**Certificate of Good Faith Conference**

I hereby certify pursuant to Local Rule 7.1(B) that I have conferred in good faith with opposing counsel via telephone on March 16, 2023 regarding the relief requested herein. Defense counsel stated that Defendant opposes the relief requested as follows: "Defense counsel and the Defendant object to any relief requested by the Plaintiff, including any requests to stay proceedings pending resolution of the criminal cases in Liberty County, and that the defense also objects to the re-opening of any discovery and the extension of any other deadlines previously imposed by the Court."

By: */s/ James M. Slater*
James M. Slater

**Certification Pursuant to L.R. 7.1(F)**

Pursuant to Local Rule 7.1(F), I hereby certify that the foregoing document contains fewer than 1,500 words, inclusive of headings, footnotes, and quotations, but exclusive of the case style, signature block and certificates.

By: */s/ James M. Slater*
James M. Slater