UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CHAD EDWARD JOHNSON,

    Plaintiff,

v.                                         CASE NO.: 4:21-cv-470-MW-MAF

LT. JACKIE SOLOMON, OF THE
LIBERTY COUNTY SHERIFF'S
DEPARTMENT, in her individual capacity

    Defendants.

---

## DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO STAY CIVIL ACTION, AND MEMORANDUM OF LAW

Pursuant to this Court's Order dated March 17, 2023 [ECF 55], Defendant, Lt. Jackie Solomon, hereby responds to Plaintiff's Opposed Motion to Stay Civil Action Pending Resolution of State Criminal Proceedings and for Leave for Counsel to Appear for Limited Purpose [ECF 54] and states as follows.

1. On March 17, 2023, Plaintiff filed his Motion to Stay [ECF 54], seeking an indefinite stay of the instant proceeding during the pendency of "parallel criminal proceedings."

2. On March 17, 2023, this Court entered an Order [ECF 55] which provided, in pertinent part, that counsel for the Defendant's response to the

Motion to Stay shall be filed no later than March 31, 2023. This response is filed pursuant to this Court's Order.

3. Plaintiff's Motion does not specify a duration of the requested stay, nor does it specify an anticipated trial or plea date in Plaintiff's pending criminal case(s).

4. Plaintiff's initial Complaint [ECF 1] was docketed on November 22, 2021.

5. According to Plaintiff's Motion for Stay [ECF 54], Plaintiff's criminal case was pending at the time he chose to file his initial Complaint. See ¶¶ 1 and 2 of ECF 54.

6. In his criminal case, Plaintiff is charged with felony escape and felony battery on a law enforcement officer. See Motion, ECF 54, ¶ 2.

7. While the Plaintiff had the option of waiting until his pending criminal case(s) were resolved prior to initiating this civil litigation, the Plaintiff chose to initiate this litigation in November 2021, even though the four-year statute of limitations to bring civil claims does not expire until on or about March 21, 2024. This dates for expiration of statute of limitations is based upon information contained in Plaintiff's Amended Complaint [ECF 25][1].

---

[1] While titled "Amended Complaint," ECF 25 is actually Plaintiff's *Second* Amended Complaint.

8. Defendant Solomon respectfully suggests that given the lack of clarity or certainty as to the anticipated duration of the Plaintiff's request to stay these civil proceedings, it is not reasonable to request that the Defendant acquiesce to an "open-ended" request for stay without knowing when the anticipated "end date" would be for the expiration of the requested stay. The Defendant has already expended time and efforts in the defense of this action.

9. If the Plaintiff does have a concern about proceeding to jury trial in this civil litigation while his criminal charges are pending, the Plaintiff has within his sole discretion, even without leave of this Court, the option to voluntarily dismiss without prejudice this civil proceeding and, if he deems appropriate at a later date, to re-file a Complaint so long as it is still within the statute of limitations period.

WHEREFORE, Defendant, Lt. Jackie Solomon, requests that this Court deny Plaintiff's Opposed Motion to Stay Civil Action Pending Resolution of State Criminal Proceedings and for Leave for Counsel to Appear for Limited Purpose [ECF 54].

## **MEMORANDUM OF LAW**

Courts have inherent authority to stay a civil proceeding due to an active and parallel criminal proceeding, and a "district court should stay a civil proceeding pending resolution of a related criminal prosecution when special

circumstances so require in the interest of justice." *United States v. Pinnacle Quest Int'l*, 2008 WL 4274498, at *1-2 (N.D. Fla. September 11, 2008)(quoting *United States v. Lot 5, Fox Grove, Alachua Cnty.*, Fla., 23 F.3d 359, 364 (11th Cir. 1994). However, the very fact of a parallel criminal proceeding does not alone constitute special circumstances. See *Transamerica Life Ins., Co. v. Brickman*, 2016 WL 3552748, *2 (M.D. Fla. June 30, 2016)(It is the rule, rather than the exception that civil and criminal cases proceed together). Moreover, a blanket assertion of the privilege against self-incrimination is an inadequate basis for the issuance of a stay. *Pellegrino v. Wengert*, 147 F.Supp.3d 1379, 1381 (S.D. Fla. 2015)(quoting *S.E.C. v. Wright*, 261 F.App'x 259, 262-63 (11th Cir. 2008).

In this instant case, the Defendant contends that the Plaintiff's Motion to Stay does not set forth sufficient information to establish a basis to establish special circumstances that would require a stay in the interest of justice. Furthermore, the Plaintiff's Motion does not set forth an anticipated date wherein the requested stay would be lifted and such an "open-ended stay" would have the potential of requiring this matter to remain in abeyance for an excessive period of time. Accordingly, the Defendant requests that the Plaintiff's Motion to Stay [ECF 54] be denied.

As mentioned above, the statute of limitations period does not expire until on or about March 21, 2024; therefore, the Plaintiff has the option, in his sole discretion, to enter a voluntarily dismissal without prejudice regarding this action if he is desirous of proceeding to resolution of his criminal case(s) prior to participating in the civil trial currently scheduled for May 8-9, 2023.

Respectfully submitted on this 22nd day of March, 2023.

        WARNER LAW FIRM, P. A.

        ***/s/ Timothy M. Warner***
        Timothy M. Warner
        Florida Bar No. 0642363
        Jennifer A. Hawkins
        Florida Bar No. 17694
        501 West 11th Street, Suite A
        Panama City, FL 32401
        Phone No. (850) 784-7772
        pleadings@warnerlaw.us
        *Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing was filed this 22nd day of March, 2023, via CM/ECF, which will send notice to:

James V. Cook
Law Office of James Cook
314 W. Jefferson Street
Tallahassee, Florida 32301
cookjv@gmail.com

and

James M. Slater
Slater Legal PLLC
113 S. Monroe Street
Tallahassee, Florirda 32301
james@slater.legal

*and sent via Certified U.S. Mail to Plaintiff at*:

Chad Edward Johnson, I.D. # P11606
Graceville Correctional and Rehabilitation Facility
5168 Ezell Rd.
Graceville, FL 32440

            WARNER LAW FIRM, P. A.
            ***/s/ Timothy M. Warner***
            Timothy M. Warner
            Florida Bar No. 0642363