UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CHAD EDWARD JOHNSON,

     Plaintiff,

v.                      CASE NO.: 4:21-cv-470-MW-MAF

LT. JACKIE SOLOMON, OF THE
LIBERTY COUNTY SHERIFF'S
DEPARTMENT, in her individual capacity

     Defendants.

---

## DEFENDANT SOLOMON'S PROPOSED JURY INSTRUCTIONS

### 1.1
### General Preliminary Instruction

Members of the Jury:

Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors. These are preliminary instructions. I'll give you more detailed instructions at the end of the trial.

The jury's duty:

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts. It's my job to provide you with the law you must apply – and you must follow the law even if you disagree with it.

<u>What is evidence</u>:

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion.

Some evidence may prove a fact indirectly. Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This may be indirect evidence that it rained, even though the witness didn't personally see it rain. Indirect evidence like this is also called "circumstantial evidence" – simply a chain of circumstances that likely proves a fact.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

<u>What is not evidence</u>:

During the trial, you'll hear certain things that are not evidence and you must not consider them.

First, the lawyers' statements and arguments are not evidence. In their opening statements and closing arguments, the lawyers will discuss the

case. Their remarks may help you follow each side's arguments and presentation of evidence. But the remarks themselves are not evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections are not evidence. Only the witnesses' answers are evidence. Don't decide that something is true just because a lawyer's question suggests that it is. For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did – unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if he or she thinks the rules of evidence don't permit it. If I overrule the objection, then the witness may answer the question or the court may receive the exhibit. If I sustain the objection, then the witness cannot answer the question, and the court cannot receive the exhibit. When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence – this is also called "striking" evidence – and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

<u>Credibility of witnesses</u>:

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. When considering a witness's testimony, you may take into account:

- the witness's opportunity and ability to see, hear, or know the things the witness is testifying about;

- the witness's memory;

- the witness's manner while testifying;

- any interest the witness has in the outcome of the case;

- any bias or prejudice the witness may have;

- any other evidence that contradicts the witness's testimony;

- the reasonableness of the witness's testimony in light of all the evidence; and

- any other factors affecting believability.

At the end of the trial, I'll give you additional guidelines for determining a witness's credibility.

Description of the case:

This is a civil case. To help you follow the evidence, I'll summarize the parties' positions. The Plaintiff, Chad Johnson, claims the Defendant, Lt. Jackie Solomon, used excessive force in spraying him with pepper spray. Lt. Jackie Solomon denies those claims and denies that she ever sprayed Chad Johnson with pepper spray at all.

Burden of proof:

Chad Johnson has the burden of proving his case by what the law calls a "preponderance of the evidence." That means Chad Johnson must prove that, in light of all the evidence, what he claims is more likely true than not. So, if you could put the evidence favoring the Plaintiff and the evidence favoring Lt. Jackie Solomon on opposite sides of balancing scales, the Plaintiff needs to make the scales tip to his side. If Chad Johnson fails to meet this burden, you must find in favor of Lt. Jackie Solomon.

To decide whether any fact has been proved by a preponderance of the evidence, you may – unless I instruct you otherwise – consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. After considering

all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

Conduct of the jury:

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you're a juror and give them information about when you must be in court. But you must not discuss anything about the case itself with anyone.

You shouldn't even talk about the case with each other until you begin your deliberations. You want to make sure you've heard everything – all the evidence, the lawyers' closing arguments, and my instructions on the law – before you begin deliberating. You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means.  This includes e-mails, text messages, phone calls, and the Internet, including social-networking websites and apps such as Facebook, Instagram, Snapchat, YouTube, Twitter, and TikTok.  You may not use any similar technology of social media, even if I have not specifically mentioned it here.

You must not provide any information about the case to anyone by any means whatsoever, and that includes posting information about the case, or what you are doing in the case, on any device or Internet site, including blogs, chat rooms, social websites, or any other means.

You also shouldn't Google or search online or offline for any information about the case, the parties, or the law. Don't read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. It's very important that you understand why these rules exist and why they're so important. You must base your decision only on the testimony and other evidence presented in the courtroom. It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom. For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me and not from any other source. Only you jurors can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair – no one else is so qualified.

<u>Taking notes</u>:

If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please don't share them with anyone until you go to the jury room to decide the case. Don't let note-taking distract you from carefully listening to and observing the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory. They're not entitled to greater weight than your memory or impression about the testimony.

Course of the trial:

Let's walk through the trial. First, each side may make an opening statement, but they don't have to. Remember, an opening statement isn't evidence, and it's not supposed to be argumentative; it's just an outline of what that party intends to prove.

Next, Chad Johnson will present his witnesses and ask them questions. After Chad Johnson questions the witness, Lt. Jackie Solomon, may ask the witness questions – this is called "cross-examining" the witness. Then Lt. Jackie Solomon will present her witnesses, and Chad Johnson may

cross-examine them. You should base your decision on all the evidence, regardless of which party presented it.

After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law.

You'll then go to the jury room to deliberate.

**1.4 Jury Questions**

During this trial, you may submit questions to a witness after the lawyers have finished their own questioning. Here is how the procedure works: After each witness has testified, and the lawyers have asked all of their questions, I'll ask if any of you have questions. If you have a question, write it down and give it to the court staff.

You may submit a question for a witness only to clarify an answer or to help you understand the evidence. Our experience with juror questions indicates that jurors rarely have more than a few questions for any one witness, and there may be no questions at all for some witnesses.

If you submit a question, the court staff will give it to me and I'll share your questions with the lawyers in the case. If the rules of evidence allow your question, one of the lawyers or I will read your question to the witness. I may modify the form or phrasing of a question so that it's allowed under the evidence rules. Sometimes, I may not allow the questions to be read to the witness, either because the law does not allow it or because another witness is in a better position to answer the question. If I can't allow the witness to answer a question, you must not draw any conclusions from that fact or speculate on what the answer might have been.

Here are several important things to keep in mind about your questions

for the witnesses:

· First, you must submit all questions in writing. Please don't ask
  any questions aloud.

· Second, the court can't re-call witnesses to the stand for
  additional juror questions. If you have a question for a particular
  witness, you must submit it when I ask.

· Finally, because you should remain neutral and open-minded
  throughout the trial, you should phrase your questions in a way
  that doesn't express an opinion about the case or a witness.
  You must keep an open mind until you've heard all the
  evidence, the closing arguments, and my final instructions on
  the law.

**1.5 Interim Statements**

At times during the trial, the lawyers will address you. You'll soon hear the lawyers' opening statements, and at the trial's conclusion you'll hear their closing arguments. Sometimes the lawyers may choose to make short statements to you, either to preview upcoming evidence or to summarize and highlight evidence they just presented. These statements and arguments are the lawyers' views of the evidence or of what they anticipate the evidence will be. They are not evidence themselves.

**2.1 Stipulations**

Sometimes the parties have agreed that certain facts are true. This agreement is called a stipulation. You must treat these facts as proved for this case.

**2.5 Judicial Notice**

The rules of evidence allow me to accept facts that no one can reasonably dispute. The law calls this "judicial notice." I've accepted [state the fact that the court has judicially noticed] as proved even though no one introduced evidence to prove it. You must accept it as true for this case.

## 2.8 Civil *Allen* Charge

I'm going to ask you to continue your deliberations to reach a verdict. Please consider the following comments.

This is an important case. The trial has been expensive in terms of time, effort, money, and emotion strain to both Chad Johnson and Lt. Jackie Solomon. If you fail to agree on a verdict, the case remains open and may have to be tried again. A second trial would be costly to both sides, and there's no reason to believe either side can try it again better or more exhaustively than they have tried it before you.

Any future jury would be elected in the same manner and from the same source as you. There's no reason to believe that the case could ever be submitted to a jury of people more conscientious, more impartial, or more competent to decide it or that either side could produce more or clearer evidence.

It's your duty to consult with one another and to deliberate with a view to reaching an agreement – if you can do it without violating your individual judgment.  You must not give up your honest beliefs about the evidence's weight or effect solely because of other jurors' opinions, or just to return a verdict. You must each decide the case for yourself – but only after you consider the evidence with your fellow jurors.

You shouldn't hesitate to reexamine your own views and change your opinion if you become convinced it's wrong. To bring your minds to a unanimous result, you must openly and frankly examine the questions submitted to you with proper regard for the opinions of others and with a willingness to  reexamine your own views.

If a substantial majority of you is for a verdict for one party, each of you who holds a different position ought to consider whether your position is reasonable. It may not be reasonable since it makes so little impression on the minds of your fellow jurors – who bear the same responsibility, serve under the same oath, and have heard the same evidence.

You may conduct your deliberations as you choose, but I suggest that you now carefully reexamine and reconsider all the evidence in light of the court's instructions on the law. You may take all the time that you need.

I remind you that in your deliberations, you are to consider the court's instructions as a whole. You shouldn't single out any part of any instructions including this one, and ignore others.

You may now return to the jury room and continue your deliberations.

**3.1 Introduction**

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished, you will go to the jury room and begin your discussions, sometimes called deliberations.

### 3.2  The Duty to Follow Instructions – No Corporate Party Involved

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

**3.3 Consideration of Direct and Circumstantial Evidence;**
   **Argument of Counsel; Comments by the Court**

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

## 3.4 Credibility of Witnesses

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?

2. Did the witness have any particular reason not to tell the truth?

3. Did the witness have a personal interest in the outcome of the case?

4. Did the witness seem to have a good memory?

5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6. Did the witness appear to understand the questions clearly and answer them directly?

7. Did the witness's testimony differ from other testimony or other evidence?

### 3.5.1 Impeachment of Witnesses Because of Inconsistent Statements

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

### 3.5.2 Impeachment of Witnesses Because of Inconsistent Statements or Felony Conviction

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

To decide whether you believe a witness, you may consider the fact that the witness has been convicted of a felony or a crime involving dishonesty or a false statement.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

### 3.7.1 Responsibility for Proof - Preponderance of the Evidence

In this case it is the responsibility of the Plaintiff, Chad Johnson, to prove every essential part of his claims by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that Chad Johnson's claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against Chad Johnson.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of Chad Johnson's claims by a preponderance of the evidence, you should find for Lt. Jackie Solomon as to that claim.

### 3.8.1 Duty to Deliberate When Only the Plaintiff Claims Damages

Of course, the fact that I have given you instructions concerning the issue of Chad Johnson's damages should not be interpreted in any way as an indication that I believe that Chad Johnson should, or should not, prevail in this case.

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

**3.9 Election of Foreperson Explanation of Verdict Form**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

<mark>[Explain verdict]</mark>

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

**5.4**

## Civil Rights – 42 U.S.C. § 1983 Claims –Fourteenth Amendment Claim – Private Person or Pretrial Detainee Alleging Excessive Force

In this case, Chad Johnson claims that Lt. Jackie Solomon, in her individual capacity, while acting under color of law, intentionally committed acts that violated Chad Johnson's constitutional right to be free from the use of excessive or unreasonable force while being held in custody as a pretrial detainee.

Under the Fourteenth Amendment to the United States Constitution, every person has the right not to be subjected to excessive or unreasonable force while being held in custody as a pretrial detainee.

To succeed on this claim, Chad Johnson must prove each of the following facts by a preponderance of the evidence:

First:        That Lt. Jackie Solomon intentionally committed acts that violated Chad Johnson's constitutional right not to be subjected to excessive or unreasonable force while being held in custody as a pretrial detainee;

Second:     That Lt. Jackie Solomon's conduct caused Chad Johnson's injuries; and

Third:       That Lt. Jackie Solomon acted under color of law.

For the first element, Chad Johnson claims that Lt. Jackie Solomon used excessive force on him while he was being held in custody as a pretrial detainee. But not every push or shove—even if it later seems unnecessary—is a constitutional violation. Also, an officer always has the right to use the reasonable force that is necessary under the circumstances to maintain order and ensure compliance with jail or prison regulations. Whether a specific use of force is excessive or unreasonable depends on factors such as the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or limit the amount of force used; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

You must decide whether there was any force used by Lt. Jackie Solomon against Chad Johnson, and if so, whether the force Lt. Jackie Solomon used in this case was excessive or unreasonable based on the degree of force a reasonable officer would have applied to maintain order and safety under the same circumstances. Lt. Jackie Solomon's underlying intent or motivation is irrelevant.

For the second element, Lt. Jackie Solomon's conduct caused Chad Johnson's injuries if Chad Johnson would not have been injured without

Lt. Jackie Solomon's conduct, and the injuries were a reasonably foreseeable consequence of Lt. Jackie Solomon's conduct.

For the third element, you must decide whether Lt. Jackie Solomon acted under color of law. A government official acts "under color" of law when acting within the limits of lawful authority. She also acts under color of law when she claims to be performing an official duty but her acts are outside the limits of lawful authority and abusive in manner, or she acts in a way that misuses her power and is able to do so only because she is an official.

If you find Chad Johnson has proved each fact that he must prove, you must decide the issue of his damages. If you find that Chad Johnson has not proved each of these facts, then you must find for Lt. Jackie Solomon.

## Damages

If your deliberations lead you to conclude that Lt. Jackie Solomon is liable on Chad Johnson's claim, you should proceed to deliberate on and assign a monetary amount for and as damages in favor of Chad Johnson and against Lt. Jackie Solomon.

I will now instruct you on the law that you must use to determine the amount of damages.

Chad Johnson is seeking damages for pain and suffering and mental anguish.

## 5.1.3 – Civil Rights – 42 U.S.C. § 1983 Claims - Damages

In determining the amount of compensatory damages to award, you should assess the monetary amount that a preponderance of the evidence justifies as full and reasonable compensation for all of Plaintiff's damages—no more, no less.  You must not impose or increase these compensatory damages to punish or penalize Lt. Jackie Solomon.  And you must not base these compensatory damages on speculation or guesswork.  Compensatory damages in this case cover the mental and emotional aspects of the injury only.

Chad Johnson does not have to introduce evidence of a monetary value for intangible things like mental and emotional pain. You must

determine what amount will fairly compensate Chad Johnson for those claims.  There is no exact standard to apply, but the award should be fair in light of the evidence.

You should consider the following elements of damage, to the extent you find that Chad Johnson has proved them by a preponderance of the evidence, and no others:

(a) Chad Johnson's physical injuries, physical pain and suffering, and discomfort, including such physical harm that Chad Johnson is reasonably certain to experience in the future.

(b)   Chad Johnson's mental and emotional distress, impairment of reputation, and personal humiliation, including such mental or emotional harm that Chad Johnson is reasonably certain to experience in the future.

You may award $1.00 in nominal damages and no compensatory damages if you find that (a) Chad Johnson has submitted no credible evidence of injury; or (b) Chad Johnson's injuries have no monetary value or are not quantifiable with any reasonable certainty; or (c) Lt. Jackie Solomon used both justifiable and unjustifiable force against Chad Johnson and it is entirely unclear whether Chad Johnson's injuries resulted from the use of justifiable or unjustifiable force.

**Punitive Damages Against the Defendant, Lt. Jackie Solomon**

If you determine that Lt. Jackie Solomon is not liable for excessive force under federal law, you will not need to deliberate on whether punitive damages are to be awarded.

If you determine that Lt. Jackie Solomon is liable for excessive force under federal law, you will need to deliberate on whether Chad Johnson is entitled to punitive damages against Lt. Solomon.

If you find for Chad Johnson and find that Lt. Jackie Solomon acted with reckless indifference to Chad Johnson's federally protected rights, the law allows you, in your discretion, to award Chad Johnson punitive damages as a punishment and as a deterrent to others.

You must determine whether damages should be awarded against Lt. Jackie Solomon.

Chad Johnson must prove by a preponderance of the evidence that he is entitled to punitive damages on his claim.

A defendant acts with "malice" if her conduct is motivated by evil intent or motive.

A defendant acts with "reckless indifference" to a person's protected federal rights by engaging in conduct with a callous disregard for whether the conduct violates the person's protected federal rights.

### 5.1.3 Punitive Damages – Punitive Damages regarding Federal Claims

If you find that punitive damages should be assessed against Lt. Solomon, you may consider the evidence regarding Lt. Solomon's financial resources in fixing the amount of punitive damages to be awarded.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CHAD EDWARD JOHNSON,

     Plaintiff,

v.                         CASE NO.: 4:21-cv-470-MW-MAF

LT. JACKIE SOLOMON, OF THE
LIBERTY COUNTY SHERIFF'S
DEPARTMENT, in her individual capacity

     Defendants.

---

## DEFENDANT JACKIE SOLOMON'S PROPOSED SPECIAL JURY INSTRUCTION #1

### SPECIAL INSTRUCTION #1: Regarding Punitive Damages

"It should be presumed a plaintiff has been made whole for his injuries by compensatory damages, so punitive damages should only be awarded if the Defendant's culpability, after having paid compensatory damages, is so reprehensible as to warrant the imposition of further sanctions to achieve punishment or deterrence."

**See**: *State Farm Mutual Automobile Ins. Co. v. Campbell*, 123 S.Ct. 1513, 1521 (2003); *Williams v. First Advantage LNS Screening Solutions, Inc.*, 947 F.3d 735, 751 (11th Cir. 2020).

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CHAD EDWARD JOHNSON,

     Plaintiff,

v.                           CASE NO.: 4:21-cv-470-MW-MAF

LT. JACKIE SOLOMON, OF THE
LIBERTY COUNTY SHERIFF'S
DEPARTMENT, in her individual capacity

     Defendants.

---

## <u>DEFENDANT JACKIE SOLOMON'S PROPOSED SPECIAL JURY INSTRUCTION #2</u>

"The award of punitive damages should only hurt, not bankrupt, a defendant. The amount awarded should substantially punish the defendant but not place it beyond a reasonable potential financial capacity to pay the award."

<u>See</u>: *Wynn Oil Co. v. Purolator Chemical Corp.*, 403 F. Supp.226 (M.D. Fla. 1974)

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CHAD EDWARD JOHNSON,

     Plaintiff,

v.                               CASE NO.: 4:21-cv-470-MW-MAF

LT. JACKIE SOLOMON, OF THE
LIBERTY COUNTY SHERIFF'S
DEPARTMENT, in her individual capacity

     Defendants.

---

## **DEFENDANT SOLOMON'S PROPOSED VERDICT FORM**

We, the Jury, in the above entitled and numbered case, return the following unanimous verdict:

1.     Do you find from a preponderance of the evidence that Lt. Jackie Solomon sprayed Plaintiff Chad Johnson with OC spray on March 22, 2020 while he was detained in the Liberty County Jail?

Yes _____
No _____

If your answer to Question #1 is "No," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form. If your answer is "Yes," go to Question #2.

2.     If you determine that Lt. Jackie Solomon sprayed Chad

Johnson with OC spray, was it unreasonable or unjustifiable under the circumstances?

Yes _____
No _____

If your answer to Question #2 is "No," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form. If your answer is "Yes," go to Question #3.

3.      Do you find that Defendant, Lt. Jackie Solomon, intentionally committed acts that violated Plaintiff Chad Johnson's right to not to be subjected to excessive or unreasonable force while being held in custody as a pretrial detainee?

Yes _____
No _____

If your answer to Question #3 is "No," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form. If your answer is "Yes," go to Question #4.

4.      Do you find that Defendant, Lt. Jackie Solomon's actions were "under color" of state law?

Yes _____
No _____

If your answer to Question #4 is "No," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form. If your answer is "Yes," go to Question #5,

5.     Do you find that Lt. Jackie Solomon's conduct caused Chad Johnson's injuries?

Yes _____
No _____

If your answer to Question #5 is "No," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form. If your answer is "Yes," go to Question #6 (a) and (b).

6.a.   Do you find that Chad Johnson should be awarded compensatory damages against Lt. Jackie Solomon?

Yes _____
No _____

If your answer is "Yes," in what amount?                    $_____

– OR –

6.b.   Do you find that Chad Johnson should be awarded nominal damages against Lt. Jackie Solomon?

Yes _____
No _____

If your answer is "Yes," in what amount?                    $_____

If your answers to Question 6(a) and 6 (b) are "No," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form. If your answer to Question 6(a) or 6(b) is "Yes," go to Question #7.

7.      Did Lt. Jackie Solomon act with reckless indifference to Chad Johnson's federally protected rights such that the imposition of punitive damages is warranted?

Yes _____
No _____

If you answer to Question #7 is "No," your deliberations are complete.

If your answer to Question #7 is Yes, please proceed to Question #8.

8.      What is the amount of punitive damages which you find should be assessed against Lt. Jackie Solomon?

$_____

SO SAY WE ALL.

_____
Foreperson's Signature

DATE: _____