# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**CHAD EDWARD JOHNSON,**

    **Plaintiff,**

**vs.**                                            **Case No. 4:21cv470-MAF**

**LT. JACKIE SOLOMON,**

    **Defendant.**

_____/

## **O R D E R**

This case was initiated by Plaintiff, proceeding pro se, on November 22, 2021, while housed at the Bay County Jail. ECF Nos. 1-2. Plaintiff alleged that on March 22, 2020, Defendant unnecessarily used pepper spray on him as retaliation and not as justifiable force. ECF No. 1.

Plaintiff's in forma pauperis motion noted that he had pending charges from Gulf County, Florida, ECF No. 2 at 4, and Plaintiff included a comment within his complaint which said that he had been charged with "escape" as a result of being in the officers' control room. ECF No. 1 at 13. Plaintiff said he had a first appearance on that charge, told the judge about the use of pepper spray, and was transferred to another jail within a few

hours.  *Id.*  Plaintiff was granted in forma pauperis status and directed to file an amended complaint.  ECF Nos. 4-5.  Plaintiff filed an amended complaint on December 22, 2021, ECF No. 6, alleging that he had been caught going into an unauthorized area (the officers' control room) and was taken to a downstairs holding cell.  *Id.* at 5.  Several hours later, the Defendant allegedly came to that cell, asked why Plaintiff thought he could "go into her officer's station," and then, without warning, sprayed him with pepper spray.  ECF No. 6 at 5-6.  Plaintiff alleged that if he had been sprayed while in the unauthorized area, it "would have been a justifiable use of pepper spray."  *Id.* at 7.  However, spraying him several hours later while he was "sitting behind bars with [his] hands in [his] lap . . . was unnecessary and without penological justification."  *Id.*  The amended complaint did not allege that Plaintiff was facing charges related to the incident, and that fact was overlooked as the case progressed.

      Service was directed, ECF No. 12, and Defendant filed a motion to dismiss for failure to state a claim, ECF No. 16, on March 25, 2022.  The motion did not reference pending charges against Plaintiff.  The motion to

dismiss was denied in part and granted in part. ECF Nos. 21, 27.[1] The official capacity claim was dismissed, but Plaintiff was provided an opportunity to submit another amended complaint. ECF No. 21, 27. Plaintiff filed a second amended complaint, ECF No. 25, before a ruling was entered on the Report and Recommendation. His latest pleading, ECF No. 25, reiterates Plaintiff's allegations from the first amended complaint; it, likewise, omits any reference to pending charges. An attachment to the complaint provided a grievance Plaintiff had submitted to jail officials which made a vague reference to "pending charges . . . that took place that day." *Id.* at 17. It was unclear from that reference that Plaintiff still had pending criminal charges related to the facts alleged in his complaint.

That fact did not come clear until recently. After Defendant filed a notice advising of her intention to proceed to trial, ECF No. 37, the parties filed a consent form, ECF Nos. 36 and 39, and a jury trial was placed on the undersigned's schedule for May 8-9, 2023, ECF No. 44. In the course

---

[1] Defendant did not argue that Plaintiff's allegations failed to state a claim, only that the claims were improperly presented under the Eighth Amendment. Because Plaintiff was a pretrial detainee at the time, they should have been presented as a Fourteenth Amendment claims. *See* ECF No. 21 at 8-12. Plaintiff was, notably, pro se.

of directing pre-trial filings, it became clear that Plaintiff would be "better served if he were represented by counsel." ECF No. 52. It was in response to that Order soliciting counsel to represent Plaintiff that a "motion to stay" this case was filed and counsel requested permission to appear "on a limited basis at this stage" to represent Plaintiff. ECF No. 54. The motion demonstrates that Plaintiff is facing "parallel criminal proceedings" regarding events which allegedly preceded the use of force alleged in this case. *Id.* at 2. Plaintiff was criminally charged in April of 2020 with felony escape and felony battery on a law enforcement officer in case number 20-43 CF. *Id.* The case is "open and pending." *Id.*

Because counsel advised that the motion was opposed, *id.* at 6, prior to ruling on the motion, Defendant was afforded the opportunity to file a response. ECF No. 55. Defendant has now filed opposition to the motion, arguing that the duration of the requested stay is not specified and it is "not reasonable" to ask Defendant to "acquiesce to an 'open-ended' request for stay without knowing when the anticipated 'end date' would be for the expiration of the requested stay." ECF No. 56 at 2, 3. Defendant also points out that Plaintiff "had the option of waiting" to file this case until his criminal charges were resolved. *Id.* at 2. Alternatively, Defendant

suggests that Plaintiff could voluntarily dismiss this case without prejudice and re-file the complaint at a later date, "so long as it is still within the statute of limitations period." *Id.* at 3.

First, the Court notes that Plaintiff has been pro se throughout this case and his filings demonstrate he lacks legal sophistication or training. It is disingenuous to suggest Plaintiff should have opted to file this case at a later point in time based on a presumed knowledge that he could be waiving his Fifth Amendment right against self-incrimination. Plaintiff's filings do not suggest he had an awareness of the consequences of parallel civil and criminal proceedings.

Second, the suggestion that Plaintiff could simply dismiss this case and re-file it would prejudice Plaintiff as it would subject him to another filing fee. Prisoners, even though they are granted in forma pauperis status, are "required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). Judicial notice is taken that Plaintiff was sentenced on October 6, 2022, to a 15-year prison sentence from charges out of Gulf County, Florida. Plaintiff will be in prison well past the statute of limitations and

would have to pay another $350.00 filing fee (if granted in forma pauperis status)[2] to re-file this case.

Third, the Court has reviewed the state court docket for Plaintiff's criminal case as submitted with the motion to stay. ECF No. 54-2. Plaintiff had a first appearance on March 24, 2020, and entered a not guilty plea in late May 2020. *Id.* Case management events were scheduled every two months beginning in July 2020. *Id.* A *Nelson* hearing was held in March 2022, but beyond that hearing, only case management events are on the docket. *Id.* It does not appear that a trial has been scheduled and the next case management conference is scheduled for April 3, 2023. *Id.*

Fourth, a motion to stay a civil case is within the Court's discretion, and must consider whether "special circumstances" exist.

> The [F]ifth [A]mendment privilege against self-incrimination permits a person 'not to answer official questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in the future criminal proceedings.'" Erwin v. Price, 778 F.2d 668, 669 (11th Cir. 1985). "A court must stay a civil proceeding pending resolution of a related criminal prosecution only when 'special circumstances' so require in the 'interest of justice.'" United States v. Lot 5, Fox Grove, Alachua County, Fla., 23 F.3d 359, 364 (11th Cir. 1994) (civil forfeiture context) (citing United States v. Kordel, 397 U.S. 1, 90 S. Ct. 763, 769-70 & n. 27, 25

---

[2] If not granted in forma pauperis status, he would pay a $402 filing fee.

L. Ed. 2d 1 (1970)).  However, the blanket assertion of the privilege against self-incrimination is an inadequate basis for the issuance of a stay.  *Id.*

S.E.C. v. Wright, 261 F. App'x 259, 262–63 (11th Cir. 2008) (denying motion to stay because no "special circumstances" were found to exist).

One such circumstance to consider is whether a litigant "in both a civil and criminal matter is 'forced to choose between waiving his privilege against self-incrimination or losing the civil case in summary proceedings.'" Shell Oil Co. v. Altina Associates, Inc., 866 F.Supp. 536, 540 (M.D. Fla. 1994) (quoting Pervis v. State Farm Fire & Casualty Co., 901 F.2d 944 (11th Cir.1990)) (quoted in Pellegrino v. Wengert, 147 F. Supp. 3d 1379, 1381 (S.D. Fla. 2015)).  "A witness who testifies at any proceeding, instead of asserting his Fifth Amendment rights, loses the privilege." United States v. White, 846 F.2d 678, 690 (11th Cir. 1988) (citations omitted).  "A civil deponent cannot choose to answer questions with the expectation of later asserting the Fifth Amendment."  White, 846 F.2d at 690.

There have been cases in which a court has granted a motion to stay where a defendant was "placed in the precarious position of either waiving his Fifth Amendment rights and defending himself . . . or asserting the privilege and probably losing this civil proceeding."  S.E.C. v. Healthsouth

Case No. 4:21cv470-MW-MAF

Corp., 261 F. Supp. 2d 1298, 1316 (N.D. Ala. 2003). The stay was issued as a matter of discretion and in the interest of justice, finding that "[t]he exercise of the defendant's Fifth Amendment rights should not be made unnecessarily costly." Healthsouth Corp., 261 F. Supp. 2d at 1316 (citations omitted).

On the other hand, a stay has been denied when no showing was made of an "overwhelming degree of overlap" between a plaintiff's civil claims and a criminal proceeding. Pellegrino, 147 F. Supp. 3d at 1382 (denying motion to stay and noting no indictment had yet been filed). Further, when criminal charges have not yet been filed, granting a stay would be indefinite and based on a hypothetical criminal penalty. Pellegrino, 147 F. Supp. 3d at 1382 (citing to Safeco Nat. Ins. Co. v. Corbett, No. CIV.A 7:09-CV-71(HL), 2009 WL 5031359, at *2 (M.D. Ga. Dec. 14, 2009) (noting "if the Court was to issue a stay pending the resolution of the alleged pending criminal action, then the length of the stay may be indefinite. An indefinite stay is not in the interest of either party or this Court").

In this case, Plaintiff has been facing criminal charges for three years. There is also considerable overlap between the facts of this case and the

Case No. 4:21cv470-MW-MAF

pending criminal case.³ Nevertheless, the issue of an "open-ended" stay as argued by Defendant carries little weight. Unlike Pellegrino, this is not an "indefinite stay" because criminal charges have already been filed against Plaintiff. It is only "open ended" until the criminal proceedings are completed, and it is hard to imagine that delay will continue much longer as the case is already three years old.

On the other hand, Plaintiff's argument bears some weight - that the criminal case has been delayed "in hopes of reaping helpful evidence" from this case. Indeed, in the three years the criminal proceedings have been pending, no criminal trial has been set on the calendar and none of the usual motions to extend a trial date have been filed. The criminal docket consists almost exclusively of case management events. *See* ECF No. 54-2 at 3.

One of the "special circumstances" which should be considered in staying the case is if the "Government ha[d] brought a civil action solely to

---

³ The probable cause statement relates that Correctional Officer Smith entered the male dorm to verify that the water had been turned off. ECF No. 54-1. Plaintiff allegedly followed Smith "out the dorm, grabbed him by the shoulder, and pushed him to the wall." *Id.* Smith reported that another inmate advised that Plaintiff "grabbed him because he was trying to get his keys in order to escape." *Id.* Further, while Smith "was attempting to turn the water off," Plaintiff and two other inmates "went to the control center in an attempt to escape." *Id.*

obtain evidence for its criminal prosecution or has failed to advise the defendant in its civil proceeding that it contemplates his criminal prosecution . . . ." United States v. Kordel, 397 U.S. 1, 11–12, 90 S. Ct. 763, 769, 25 L. Ed. 2d 1 (1970). Of concern is whether there were "special circumstances that might suggest the unconstitutionality or even the impropriety of [the] criminal prosecution." Kordel, 397 U.S. at 12, 90 S. Ct. at 770. Here, the government did not bring a civil case to obtain evidence, but there is concern about the delay in the criminal proceeding. Plaintiff suggests it is for the purpose of obtaining evidence. While that is not legally improper, doing so by taking advantage of a pro se plaintiff's lack of knowledge is unfair.

That concern leads to an issue unaddressed by the parties. Plaintiff initiated this case pro se and he has no legal training or knowledge. The complaints filed in this case constitute sworn statements and Plaintiff admitted to being "caught going into an unauthorized area (the officers' control room)" which relates to the charge of escape. Furthermore, a discovery period was provided and has been concluded. It is unknown what was requested or obtained from Plaintiff, but the Court notes that Defendants filed a motion requesting leave to take Plaintiff's deposition.

ECF No. 31.  Although the motion was denied as moot because the Initial Scheduling Order already included permission to take Plaintiff's deposition, ECF No. 32, it is presumed that Plaintiff was deposed at some point.  Thus, the Court is unaware of specific statements or admissions made by Plaintiff, but the concern is that Plaintiff may have already waived his Fifth Amendment privilege against self-incrimination.

Without review of the deposition transcript, this Court is unable to make that determination without presumptions and conjecture.  Notably, Defendant opted not to file a summary judgment motion, a process that often includes the submission of deposition transcripts as a matter of course.  However, Defendant has filed her "exhibit list" for the trial of this case which includes a "Transcript of Plaintiff's Deposition" (Ex. 26).  *See* ECF No. 57-2.  To determine whether this case should be stayed to plaintiff's Fifth Amendment privilege, the Court must review the deposition transcript.

Defendant must file a copy of the transcript by **March 31, 2023**.  The parties shall have until **April 5, 2023**, to file a response to this Order which addresses whether or not Plaintiff's privilege has been waived.

The parties should also indicate whether there is any renewed interest in a settlement conference with the Honorable Charles Stampelos, United States Magistrate Judge.  While counsel for Defendant previously indicated there was no interest in such a conference, ECF No. 49, that was prior to counsel appearing on behalf of Plaintiff.  The parties are hereby advised that such an opportunity is still available to them.

Accordingly, it is

**ORDERED**:

1.  Defendant must file a copy of the transcript of Plaintiff's deposition by **March 31, 2023**.

2.  No later than **April 5, 2023**, the parties shall file a response to this Order which addresses whether or not Plaintiff has already waived his Fifth Amendment privilege against self-incrimination and address if there is a renewed interest in a settlement conference.

3.  In light of this Order, the trial of this case must be re-scheduled and a new date will be set by separate Order.

4.  Plaintiff's motion to stay, ECF No. 54, remains **DEFERRED**.

5. The Clerk of Court shall return this file upon receipt of the transcript and the parties' responses to this Order or no later than April 5, 2023.

**DONE AND ORDERED** on March 27, 2023.

**S/   Martin A. Fitzpatrick**
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**
