UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CHAD EDWARD JOHNSON,

    Plaintiff,

vs.

LT. JACKIE SOLOMON,

    Defendants.

Case No. 4:21-cv-470-MAF
[CONSENT]

## UNOPPOSED MOTION TO ACCEPT FILING OF PLAINTIFF'S DEPOSITION TRANSCRIPT UNDER SEAL

Plaintiff Chad Edward Johnson, through counsel who have requested to appear for a limited purpose, moves this Honorable Court to accept the filing of the Plaintiff's civil deposition transcript under seal for purposes of these proceedings.[1] In support, Plaintiff states:

    1.    Plaintiff brought the above-styled civil action on November 22, 2021. The facts of the action parallel those in a pending state felony prosecution.

    2.    The *pro se* Plaintiff was deposed in this case without notice to Plaintiff's attorney in the criminal case.

---

[1] To the extent the Court denies Plaintiff's motion to stay (D.E. 54), the parties take different views on whether the transcript should be sealed for trial purposes.

1

3. On a general notice by the Court of a need for volunteer counsel, the undersigned counsel moved for entry of appearance for the limited purpose of seeking a stay of the civil matter pending disposition of the parallel criminal case. (D.E. 54).

4. Defendant filed a response opposing the stay. (D.E. 56).

5. Thereafter, the Court ordered the filing of the deposition transcript (D.E. 59), to determine the extent to which the Plaintiff may have already waived his Fifth Amendment privilege during the civil deposition.

6. Defendant has now filed a notice withdrawing objection to the stay. (D.E. 61), and the Court has ordered the parties to comply with its previous Order (D.E. 59) notwithstanding Defendant's withdrawal of her objection. (D.E. 62).

7. For the reasons set forth below, Plaintiff asks that Defendant be required to file the transcripts of Plaintiff's deposition in this case under seal to limit any prejudice to the Plaintiff's rights in the criminal case by filing it as a public document.

## MEMORANDUM OF LAW

A court should only seal a record when provided specific information that satisfies the grounds for sealing. In *Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1014, 1016 (11th Cir. 1992), the court found it was an abuse of discretion to seal court records without a compelling reason. It has long been established that

there is a "presumptive common law right to inspect and copy judicial records." *United States v. Rosenthal*, 763 F.2d 1291, 1293 (11th Cir. 1985) (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597, (1978)). Whether good cause exists to diminish this presumptive right is subject to the nature and character of the information in question. *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007). As the Eleventh Circuit stated in *Romero*:

> In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Id.* Good cause is established by showing that disclosure will cause "a clearly defined and serious injury." *Digital Assurance Certification, LLC v. Pendolino*, No. 6:17-CV-72-CEM-TBS, 2017 WL 320830, at *2 (M.D. Fla. Jan. 23, 2017). In determining whether to seal documents, however, the Eleventh Circuit also distinguishes "between material filed with discovery motions and material filed in connection with more substantive motions." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1312 (11th Cir. 2001). Material filed "in connection with any substantive pretrial motion, <u>unrelated to discovery</u>, is subject to the common law right of access." *Romero*, 480 F.3d at 1245 (emphasis

3

supplied) (quoting *Chicago Tribune*, 263 F.3d at 1312); *see also id.* at 1245–46 (citing *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 164 (3d Cir.1993) ("[T]here is a presumptive right of public access to pretrial motions of a nondiscovery nature, whether preliminary or dispositive, and the material filed in connection therewith.").

Plaintiff submits that requiring Defendant to file the transcript of Plaintiff's deposition under seal is appropriate under the circumstances here. *First*, there is no presumptive public access right to Plaintiff's deposition transcript, particularly when it was not included as an attachment to any pretrial dispositive motion. *Second*, sealing the transcript is necessary to necessary to avoid or minimize compromise of the Plaintiff's criminal trial rights.

Defendant does not oppose this motion to seek leave of Court to submit the deposition transcript in this case for filing under seal for purposes of the current pretrial proceedings. The agreement takes account of the fact that the decision whether to actually seal the transcript is fully within the discretion of this Honorable Court, and not the parties to this lawsuit.

WHEREFORE, Plaintiff moves this Honorable Court to require Defendant, in fulfilling her Court-ordered obligations to file the transcript of Plaintiff's deposition in this case (D.E. 59, 62), to file that document under seal.

Dated: March 29, 2023.                    Respectfully submitted,

                                              LAW OFFICE OF JAMES COOK

                                              */s/ James V. Cook*
                                              James V. Cook (FBN 966843)
                                              314 W. Jefferson Street
                                              Tallahassee, Florida 32301
                                              cookjv@gmail.com
                                              Tel. (850) 222-8080

                                                     -and-

                                              SLATER LEGAL PLLC

                                              */s/ James M. Slater*
                                              James M. Slater (FBN 111779)
                                              113 S. Monroe Street
                                              Tallahassee, Florida 32301
                                              james@slater.legal
                                              Tel. (305) 523-9023

## Certificate of Good Faith Conference

I hereby certify pursuant to Local Rule 7.1(B) that I have conferred in good faith with opposing counsel via email and telephone on March 28, 2023 regarding the relief requested herein. Defendant does not oppose the relief requested.

                                                          */s/ James M. Slater*
                                                          James M. Slater

## Certification Pursuant to L.R. 7.1(F)

Pursuant to Local Rule 7.1(F), I hereby certify that the foregoing document contains fewer than 1,100 words.

                                                   By: */s/ James M. Slater*
                                                          James M. Slater

## Certificate of Service

I hereby certify that on March 29, 2023, I electronically filed the foregoing document with the Clerk by using the CM/ECF system, which will serve a copy on all counsel of record.

By: <i>/s/ James M. Slater</i><br>
James M. Slater