UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CHAD EDWARD JOHNSON,

    Plaintiff,

v.                                        CASE NO.: 4:21-cv-470-MW-MAF

LT. JACKIE SOLOMON, OF THE
LIBERTY COUNTY SHERIFF'S
DEPARTMENT, in her individual capacity

    Defendants.

_____

## DEFENDANT'S RESPONSE TO COURT'S ORDERS, ECF NOS. 59, 60, 62 AND 64, REGARDING PLAINTIFF'S POTENTIAL WAIVER OF HIS FIFTH AMENDMENT PRIVILEGE

Defendant, Lt. Jackie Solomon, in her individual capacity, by and through her undersigned counsel, hereby responds to this Court's Orders [ECF 59] regarding whether Plaintiff has waived his Fifth Amendment privileges.

1.    In an Order dated March 27, 2023 [ECF No. 59] and subsequent Orders dated March 28, 29, and 30, 2023 [ECF Nos. 60, 62, and 64], this Court ordered as follows:

> "No later than **April 5, 2023**, the parties shall file a response to this Order which addresses whether or not Plaintiff has already waived his Fifth Amendment privilege against self-incrimination and address if there is a renewed interest in a settlement conference."

Page 1 of 6

2. The Order, ECF No. 59, also required Defendant to file the transcript of the deposition of the Plaintiff in the instant case.

3. Pursuant to this Court's Order [ECF No. 64], on March 31, 2023, the Defendant's attorney filed the Plaintiff's Deposition transcript under seal. [ECF No. 65 and 65-1].

4. In paragraph 1 of the Plaintiff's handwritten Second Amended Complaint [ECF No. 25], the Plaintiff states: "I had went into an unauthorized area, 'the Officer's Control Room.' I was caught an [sic] placed in a down stairs holding cell along with 2 other inmates."

5. In paragraph 5 of the Plaintiff's handwritten Second Amended Complaint, the Plaintiff states: "I believe that if I would have been pepper spraied [sic] while in the unauthorized [sic] area, that would have been justifiable use of pepper spray …".

6. Interrogatory # 10 of Defendant's First Set of Interrogatories to Plaintiff asked the following question:

> "10. Approximately how many times have you been reprimanded or disciplined for entering and/or attempting to enter into an area that is prohibited to be entered into by an inmate since you have been incarcerated, either in a jail facility or the Department of Corrections? Provide the name of the facility, the address of the facility, the approximate dates, and the names and/or badge numbers of the officers that reprimanded or disciplined you."

In answering that Interrogatory, the Plaintiff re-iterated what he had already stated in his Second Amended Complaint when he responded as follows: "Once, the date of the complaint I had went into an unauthorized area but that was hours befor [sic] the time of the complaint." (A copy of Plaintiff's Answers to Defendant's First Set of Interrogatories is attached hereto as Exhibit 1.)

7. Because the Plaintiff's deposition transcript has been filed under seal [ECF No. 65 and 65-1], undersigned counsel will not set forth the text of the specific relevant testimony given by Plaintiff in that deposition in this response, but will merely refer this Court to the relevant page and line numbers of his testimony in ECF 65-1. (See ECF 65-1, p. 12, l. 20 – p. 14, l. 25; p. 68, l. 19 – p. 69, l. 10).

8. The Plaintiff has pending criminal charges in the matter entitled **State of Florida v. Chad Johnson**, Case No. 20-043-CFA, in the Circuit Court in Liberty County, Florida. The criminal charges pending, in this case, are as follows: (Count I) Escape or Attempt Escape, a violation of §944.40, Florida Statutes, and (Count II) Battery Upon a Law Enforcement Officer, i.e. Correctional Officer Jonathan Smith, a violation of §784.07(2)(b). It is the undersigned counsel's

understanding that the next Court date regarding this criminal case is a Case Management Conference set for June 5, 2023.

9. Based on the foregoing, Defendant, Lt. Jackie Solomon, by and through undersigned counsel, submits that Plaintiff has waived his Fifth Amendment privilege with regard to the escape or attempt escape charge pending against him.

10. The Defendant, Lt. Jackie Solomon, by and through undersigned counsel, acknowledges that there is no specific reference made by Plaintiff regarding his alleged battery on Correctional Officer Jonathan Smith contained in his Second Amended Complaint [ECF No. 25], his Interrogatory Answers, or his deposition transcript [ECF 65-1].

11. Undersigned counsel has conferred with the Defendant, Lt. Jackie Solomon, and the defense does not desire to participate in a Case Settlement Conference at this time.

### **Memorandum of Law**

"The Fifth Amendment privilege can be asserted in any proceeding, civil or criminal, administrative or judicial, investigatory, or adjudicatory." *Aguila v. Frederic*, 306 So. 3d 1166 (Fla. 3d DCA 2020). By presenting incriminating evidence in a civil action, a criminal defendant waives his Fifth Amendment right. "Criminal defendants who are involved in parallel civil proceedings may

exercise their Fifth Amendment right against self-incrimination by not presenting in civil action evidence which would implicate them in their criminal proceedings." *Shell Oil Co. v. Altina Associates, Inc.*, 866 F. Supp. 536, 538 (M.D. Fla. 1994). Plaintiff waived his Fifth Amendment right when he presented incriminating testimony regarding his escape or escape attempt in his Second Amended Complaint, his Answers to Interrogatories, and his deposition testimony. Prior to the filing of the Motion to Stay [ECF No. 54], the Plaintiff has never invoked his Fifth Amendment privilege in this civil litigation. "A civil deponent **cannot** choose to answer questions with the expectation of later asserting the Fifth Amendment." *U.S. v. White*, 846 F. 2d 678, 690 (11th Cir. 1988). Plaintiff's failure to assert his Fifth Amendment right during the pendency of this civil litigation, as referenced in his Second Amended Complaint, his Answers to Interrogatories, and his deposition testimony, as it relates to his escape or escape attempt, should preclude him from later asserting his Fifth Amendment Right regarding that escape or escape attempt.

## Conclusions

For the foregoing reasons, Defendant, Lt. Jackie Solomon, respectfully submits that the Plaintiff has waived his Fifth Amendment privilege with regard to the escape or attempt escape charge pending against him.  Furthermore,

the Defendant, Lt. Jackie Solomon, does not desire to participate in a Case Settlement Conference at this time.

Dated this 5th day of April 2023.

> WARNER LAW FIRM, P. A.
> ***/s/ Timothy M. Warner***
> Timothy M. Warner
> Florida Bar No. 0642363
> Jennifer A. Hawkins
> Florida Bar No. 17694
> 501 West 11th Street, Suite A
> Panama City, FL 32401
> Phone No. (850) 784-7772
> pleadings@warnerlaw.us
> *Counsel for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was filed this 5th day of April 2023, via CM/ECF, which will send notice to:

| | |
|---|---|
| James V. Cook | James M. Slater |
| Law Office of James Cook | Slater Legal PLLC |
| 314 W. Jefferson Street | 113 S. Monroe Street |
| Tallahassee, Florida 32301 | Tallahassee, Florida 32301 |
| cookjv@gmail.com | james@slater.legal |

*and sent via Certified U.S. Mail to Plaintiff at*:
Chad Edward Johnson, I.D. # P11606
Graceville Correctional and Rehabilitation Facility
5168 Ezell Rd.
Graceville, FL 32440

> WARNER LAW FIRM, P. A.
> ***/s/ Timothy M. Warner***
> Timothy M. Warner
> Florida Bar No. 0642363