UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CHAD EDWARD JOHNSON,

      Plaintiff,

v.

LT. JACKIE SOLOMON,

      Defendant.

Case No. 4:21-cv-470-MAF-
[CONSENT]

## PLAINTIFF'S POSITION ON
## WAIVER OF FIFTH AMENDMENT PRIVILEGE

In its March 27, 2023 Order on Plaintiff's motion to stay these

proceedings pending the resolution of his criminal proceedings [D.E. 54],

the Court asked the parties to brief whether Plaintiff has already waived his

Fifth Amendment privilege against self-incrimination in these proceedings.

[D.E. 59, 62].[1] Plaintiff answers in the negative.

---

[1] The Court also permitted Plaintiff to reply to Defendant's response to his motion to stay [D.E. 60]. The Court has already addressed the merits of whether Plaintiff should voluntarily dismiss and later re-file this lawsuit [D.E. 59], so Plaintiff constrains his arguments to waiver and how the evidence Defendant intends to rely on would frustrate Plaintiff's Fifth Amendment rights at trial. The Court has also asked the parties to indicate whether there is any renewed interest in a settlement conference. [*Id.*]. Plaintiff believes that a settlement conference would only be helpful after counsel has had an opportunity to interview witnesses and—with permission of the Court—request discovery materials from relevant nonparties.

To assert the privilege against self-incrimination, the threat of future prosecution must be "reasonable, real, and appreciable." *U.S. v. Gecas*, 120 F.3d 1419, 1424 (11th Cir.1997). The Fifth Amendment's privilege must be asserted before the court to exercise it, and failing to assert it means it is waived. *United States v. St. John*, No. 8:11-MC-00099-JDW, 2013 WL 411402, at *4 (M.D. Fla. Feb. 1, 2013) (citing *United States v. Pool*, 660 F.2d 547, 556 (5th Cir. 1981)); *Brown v. United States*, 356 U.S. 148, 155–57, 78 S.Ct. 622, 2 L.Ed.2d 589 (1958). That said, such a waiver is not "lightly inferred." *Emspak v. United States*, 349 U.S. 190, 196 (1955).

To determine whether a person has waived their Fifth Amendment privilege, the court must "indulge every reasonable presumption against waiver of fundamental constitutional rights." *Id.* at 198 (quoting *Johnson v. Zerbst*, 304 U.S. 458, 58 (1938)). Generally, courts should only infer a waiver of the Fifth Amendment privilege if "(1) the witness' prior statements have created a significant likelihood that the finder of fact will be left with and prone to rely on a distorted view of the truth, and (2) the witness had reason to know that his prior statements would be interpreted as a waiver of the fifth amendment privilege against self-incrimination." *Matter of Scarfia*, 104 B.R. 462, 463-64 (Bankr. M.D. Fla. 1989) (quoting *Klein v. Harris*, 667 F.2d 274, 287 (2d Cir. 1981)). At the same time, courts have

not always extended the second prong—that waiver be knowing and

intelligent—outside the custodial context. *See id.* at 464 n.2; *U.S. v. White*,

846 F.2d 678, 689 (11th Cir. 1998); *but see C&M Inv. Group, Ltd.*, 8:10-CV-

394-T-30EAJ, 2010 WL 11519984, at *2 M.D. (Fla. Mar. 7, 2011)

(employing the knowledge and awareness requirements to determine

whether the deponent waived his Fifth Amendment privilege in a civil

action); *Zhongyou Wu v. Sagrista*, No. 9:19-CV-81203, 2021 WL 3037067,

at *4 (S.D. Fla. July 19, 2021) (same for production of documents).

 Here, for several reasons Plaintiff has not waived his Fifth

Amendment privilege—particularly for the battery charge.

### A. Plaintiff could not knowingly and voluntarily waive his privilege without notice of the deposition to his criminal defense attorney.

 To begin, Plaintiff—proceeding pro se—endured discovery in these

proceedings without adequate notice of the constitutional harms or required

notice to his criminal defense lawyer. *State v. Yatman*, 320 So. 2d 401, 403

(Fla. Dist. Ct. App. 1975); R. Reg. Fla. Bar 4-4.2; *United States v.

Springer*, 460 F.2d 1344, 1354–1355 (7th Cir. 1972) (Stevens, J.,

dissenting) (interview of defendant in absence of counsel would have

violated ethical rules in civil context and violated "procedural regularity"

required by Due Process Clause in criminal context). In *Yatman*, the Fourth

3

District Court of Appeal held that the disciplinary rules prohibited a lawyer from "taking the deposition of an individual charged with a criminal offense without notice to his counsel regarding matters which are relevant to the criminal charges pending against said represented individual." *Yatman*, 320 So. 2d at 402. Specifically: "[t]aking the deposition of a person on a matter related to a criminal matter that person is criminally charged for, and has an attorney, without contacting that attorney is prohibited by the Code of Professional Responsibility." *Id*. While Plaintiff is not *entitled* to an attorney here, he was represented by counsel for the criminal charges proximally linked to these proceedings. Defense counsel was aware of the pending criminal charges at the time of the deposition and acknowledged such during the deposition. (Dep. at 8:12-9:8.) Defense counsel asked Plaintiff whether he had counsel for his pending criminal charges and asked for their identity during the deposition. (*Id.* at 9:10-18.) Had defense counsel given the required notice to Plaintiff's public defender, Plaintiff would have had an opportunity to be counseled on the risks of waiver, or possibly had an attorney present at the deposition.

Although the Eleventh Circuit has held that "an individual *may* lose the benefit of the privilege without making a knowing and intelligent waiver" in noncustodial interrogations, *White*, 846 F.2d at 689 (quoting *Garner v.*

*United States*, 424 U.S. 648, 657 (1976) (emphasis added)), Plaintiff's deposition carried specific notice requirements that are not normally present with the mere threat of criminal investigation. In *U.S. v. White*, the Southern Poverty Law Center sued a Ku Klux Klan group and its members related to clash with Black marchers in Decatur, Alabama in 1979. *See id.* at 683. At the time there were no criminal proceedings and the Department of Justice had closed its investigation. *See id.* KKK members were deposed and ordered to identify themselves and other members in the SPLC actions. *See id.* Those deposition transcripts were forwarded to DOJ which "had no advance notice of any of the depositions and no input into their conduct." *Id.* About a year later, several of the deposed KKK members were indicted for conspiring to disrupt the Decatur parade in 1979. *See id.* The Eleventh Circuit held that the government—in its later prosecution— would not need to show that the statements were made voluntarily, because the defendants were not in government custody at the time they were made. *Id.* at 689.

But this case is not like *White*. Here, Plaintiff's testimony has real criminal implications, not just theoretical ones, which should warrant weighing his knowledge and awareness of the implications of his testimony. *See, e.g.*, *C&M Inv. Group, Ltd.*, 2010 WL 11519984, at *2.  At no point in

the deposition—and certainly not at the beginning—was Plaintiff informed

of his rights, told he could object, or told he could consult his criminal

defense attorney. The closest Plaintiff comes to receiving any explanation

of his rights is when defense counsel tries to explain that he is not asking

for attorney-client communications Plaintiff had with his criminal defense

attorney.[2] (Dep. at 16:22-17:8.) Not only was Plaintiff *pro se*, but he had

never taken part in a deposition before. (Dep. at 5:18-20.) The Court should

find that Plaintiff has not waived his Fifth Amendment privilege because his

defense counsel was not given notice of the deposition.

### B. Even if the knowledge and notice requirements do not apply to Plaintiff, the statements given fail to support waiver.

As to the specific statements, the Court recognizes Plaintiff has

already referenced being caught in the jail's control room. [D.E. 59 at 10].[3]

The main thrust of the deposition testimony, however, concerns

Defendant's actions after the alleged criminal conduct even occurred.

---

[2] Despite telling Plaintiff he did not want to wade into the realm of attorney-client privilege, defense counsel then asked Plaintiff several times what his criminal defense lawyers told him about video recordings of the events relevant here. (Dep. 18:3–20:8.)

[3] Plaintiff also made similar statements in response to Defendant's interrogatory requests, but he apparently did not provide a verified response. [D.E. 57-2, Def. Ex. 25]. Because the only sworn statements are the complaint and the deposition transcripts, Plaintiff only addresses those matters.

Plaintiff does mention that he was in the officer's station that night and he could not be there. (Dep. at 12:9-13:6.) But for the State of Florida to prove Plaintiff tried to escape, he must do more than just enter an unauthorized part of the prison, as presumably many areas are unauthorized at any given time for inmates. Instead, the state must prove he sought to escape from the jail. *See* Fla. Stat. § 944.40 (requiring the prosecution to prove escape or attempt to escape "from such confinement"); *J.A.G. v. State*, 825 So. 2d 497, 498 (Fla. Dist. Ct. App. 2002) (escape "requires flight from confinement"). Ultimately, Plaintiff's statements at his deposition place him in a location consistent with the probable cause affidavit and his complaint, but these statements on their own would not be enough to establish a prima facie case of escape against Plaintiff.

Plaintiff was also charged with battery on a law enforcement officer. [D.E. 54-1]. Plaintiff addresses the fact of those charges in the deposition (Dep. 8:22–9:2), but he does not discuss the allegations. The only salient testimony is that apparently another officer told Plaintiff he was lucky to be alive. (Dep. at 45:2-4.) Even if Plaintiff waived his Fifth Amendment privilege for the escape charges (which he denies), he has not waived his Fifth Amendment right as to these battery allegations—which according to the probable cause affidavit purportedly concerns correctional officer

Jonathon Smith being pushed into a wall by Plaintiff. [D.E. 54-1; D.E. 59 at 9 n.3]. Officer Smith—the alleged victim—has been identified by the Defendant as a witness for trial. [D.E. 57-3]. He is expected to testify about "Plaintiff's attack upon him," among other things. [D.E. 57-3 at 3]; [*see also* D.E. 57-1 (describing the alleged battery in Defendant's Statement of Facts for trial)]. Defendant's witness list also includes the investigator identified in the probable cause affidavit along with other deputies who would testify about the alleged attempted escape and the alleged battery on Smith. The Defendant's anticipated defense at trial focuses not just on Plaintiff's excessive force claims but the alleged preceding conduct, which is subject to open criminal charges.[4] Should Plaintiff have to prove his section 1983 case prior to concluding his criminal case, he would be put in a position of revealing information which the Fifth Amendment should protect.

Plaintiff is not requesting a permanent stay of the proceedings. Instead, Plaintiff seeks a stay until the criminal matter is resolved, at which time there will presumably be no Fifth Amendment claims for Plaintiff to raise preventing trial testimony. The Court should indulge the reasonable presumption against waiver of Plaintiff's Fifth Amendment privilege,

---

[4] In addition to identifying witnesses who would testify on Plaintiff's alleged criminal charges, the defense exhibit list includes an "Escape Screenshot" and several videos from the events that precede the alleged use of force. [D.E. 57-2].

*Emspak*, 349 U.S. at 198, and prevent further harm by staying these proceedings until Plaintiff's escape and battery charges are resolved in criminal court.

Dated: April 5, 2023.

Respectfully submitted,

SLATER LEGAL PLLC

*/s/ James M. Slater*
James M. Slater (FBN 111779)
113 S. Monroe Street
Tallahassee, Florida 32301
james@slater.legal
Tel. (305) 523-9023

-and-

LAW OFFICE OF JAMES COOK

*/s/ James V. Cook*
James V. Cook (FBN 966843)
314 W. Jefferson Street
Tallahassee, Florida 32301
cookjv@gmail.com
Tel. (850) 222-8080

**Certificate of Compliance with Local Rule 7.1(F)**

Pursuant to Local Rule 7.1(F), I hereby certify that the foregoing document contains fewer than 2,000 words, inclusive of headings, footnotes, and quotations, but exclusive of the case style, signature block and certificates.

By: */s/ James M. Slater*
James M. Slater

**Certificate of Service**

I hereby certify that on April 5, 2023, I electronically filed the foregoing document with the Clerk by using the CM/ECF system, which will serve a copy on all counsel of record.

By: */s/ James M. Slater*
James M. Slater