# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**CHAD EDWARD JOHNSON,**

    **Plaintiff,**

vs.                                                        **Case No. 4:21cv470-MAF**

**LT. JACKIE SOLOMON,**

    **Defendant.**

_____/

## O R D E R

This case was initiated by Plaintiff, proceeding pro se, in November 2021, while housed at the Bay County Jail. ECF Nos. 1-2. Plaintiff alleged that on March 22, 2020, Defendant unnecessarily used pepper spray on him as an act of retaliation and not as a justifiable use of force. ECF No. 1.

This case is on the verge of trial; a jury trial was placed on the undersigned's schedule for May 8-9, 2023. ECF No. 44. However, in the course of reviewing the Plaintiff's pre-trial filings, it became clear that Plaintiff would be "better served if he were represented by counsel." ECF No. 52. In response to thet Order soliciting counsel to represent Plaintiff, a "motion to stay" this case was filed. ECF No. 54. The motion

demonstrates that Plaintiff is facing "parallel criminal proceedings" regarding events which allegedly preceded the use of force alleged in this case. *Id.* at 2. Plaintiff was criminally charged in April of 2020 with felony escape and felony battery on a law enforcement officer in case number 20-43 CF. *Id.* The case is "open and pending." *Id.* The claims between the pending criminal case and this case are related.

Concerned that Plaintiff may have already waived his Fifth Amendment privilege during the course of this litigation while proceeding pro se, the Defendant was required to submit Plaintiff's deposition transcript which was listed as an exhibit for trial. ECF No. 59. The parties were given an opportunity to file a response to the Order and address whether or not Plaintiff's privilege has been waived. *Id.*

The transcript was filed under seal and has been reviewed. ECF No. 65. Defendant has filed a response, ECF No. 66, which contends that "Plaintiff has waived his Fifth Amendment privilege with regard to the escape or attempt escape charge pending against him." *Id.* at 4. Defendant acknowledges that "there is no specific reference" from Plaintiff concerning an additional pending charge for battery on a correctional officer. *Id.*

Plaintiff, now represented by counsel, asserts that Plaintiff has not already waived his "Fifth Amendment privilege against self-incrimination in these proceedings." ECF No. 67 at 1. Plaintiff further asserts that Plaintiff did not "knowingly and voluntarily waive" his privilege, that it was clear during his deposition that Plaintiff was represented by counsel in the criminal case, and no notice was given to defense counsel. *Id.* at 3-6. Moreover, Plaintiff argues that although references have been made during this litigation of Plaintiff being in an unauthorized area, more must be shown "to provide Plaintiff tried to escape . . . ." *Id.* at 7. Similar to Defendant's response, Plaintiff also points out that he is also charged with battery on a law enforcement officer, but has not addressed those allegations in this case. *Id.* at 7-8.

The importance of a criminal Defendant's Fifth Amendment privilege cannot be overstated and should not be undermined. Both Plaintiff and Defendant contend that Plaintiff's privilege has not been waived, at least in part. Defendant initially objected to staying this case, but subsequently withdrew that objection. *See* ECF No. 61.

A motion to stay a civil case is within the Court's discretion, and must consider whether "special circumstances" exist. Having reviewed this

case, the relevant filings and case law, the Court concludes that special circumstances do exist.  A litigant "in both a civil and criminal matter is 'forced to choose between waiving his privilege against self-incrimination or losing the civil case in summary proceedings.'" Shell Oil Co. v. Altina Associates, Inc., 866 F.Supp. 536, 540 (M.D. Fla. 1994) (quoting Pervis v. State Farm Fire & Casualty Co., 901 F.2d 944 (11th Cir.1990)) (quoted in Pellegrino v. Wengert, 147 F. Supp. 3d 1379, 1381 (S.D. Fla. 2015)).  "A witness who testifies at any proceeding, instead of asserting his Fifth Amendment rights, loses the privilege." United States v. White, 846 F.2d 678, 690 (11th Cir. 1988) (citations omitted).  "A civil deponent cannot choose to answer questions with the expectation of later asserting the Fifth Amendment." White, 846 F.2d at 690.

This case will be stayed pending the resolution of Plaintiff's criminal charges.  Status reports are required to be filed every three months.

Accordingly, it is

**ORDERED**:

1. Plaintiff's motion to stay this civil case, ECF No. 54, is **GRANTED**.

2. Plaintiff must file a status report every three months, beginning on **July 7, 2023,** concerning the status of Plaintiff's criminal case.

3. In light of this Order, the Clerk of Court shall removed the trial of this case from the Court's calendar.

4. The Clerk of Court shall note on the docket that this case is **STAYED**.

5. The Clerk of Court shall return this file upon the filing of Plaintiff's status update or notice that the pending criminal case has been resolved.

**DONE AND ORDERED** on April 10, 2023.

S/   Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK
UNITED STATES MAGISTRATE JUDGE**