IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**CHAD EDWARD JOHNSON,**

    **Plaintiff,**

vs.                                    Case No. 4:21cv470-MAF

**LT. JACKIE SOLOMON,**

    **Defendant.**

_____/

## O R D E R

Plaintiff initiated this case pro se in November 2021 while housed at the Bay County Jail.  ECF Nos. 1-2.  Plaintiff's complaint alleged that on March 22, 2020, while Plaintiff was housed at the Liberty County Jail, Defendant Solomon unnecessarily used pepper spray on him as an act of retaliation and not as a justifiable use of force.  ECF No. 1.

After granting Defendant's motion to dismiss in part, *see* ECF No. 27, Defendant filed an answer, ECF No. 29, and the parties engaged in discovery.  ECF No. 30.  At the conclusion of the discovery period, neither party filed a motion for summary judgment, but they did file a notice of consent to magistrate jurisdiction for all further proceedings.  ECF No. 39.

Plaintiff did not request a jury trial, *see* ECF No. 25 at 1, but the Defendant did. ECF No. 29 at 6. A pretrial Order was entered in January 2023 setting deadlines for the parties to file their witness lists, exhibit lists, etc. ECF No. 40. Supplemental Orders were entered thereafter, *see* ECF Nos. 42, 44, and 48, and Plaintiff's responses made clear that he would be "better served if he were represented by counsel." ECF No. 52. Counsel was sought to represent Plaintiff, *id.*, and counsel made a limited appearance on March 17, 2023, filing a motion to stay this case pending resolution of related, state criminal charges brought against Plaintiff. ECF No. 54. Defendant initially opposed the motion, ECF No. 56, but subsequently withdrew that objection. *See* ECF No. 61. Although on the verge of trial, this case was stayed on March 30, 2023, to protect Plaintiff's Fifth Amendment privilege against self-incrimination. ECF No. 64. Plaintiff was required to file status reports every three months pending resolution of Plaintiff's criminal case. *Id.*

Plaintiff, through counsel, has now filed a status report which advises that on July 3, 2023, "Plaintiff entered a plea of no contest to his pending criminal charges, for which he was adjudicated guilty." ECF No. 70. The state court record shows that Plaintiff was adjudicated guilty of escape

(count 1) and battery on a law enforcement officer (count 2). ECF No. 70-1 at 1. In light thereof, the stay previously entered shall be lifted.

At this point, counsel for Plaintiff must confirm whether or not he intends to continue representing Plaintiff. If so, a notice of appearance of counsel must be filed no later than **July 28, 2023.** Until the issue of counsel has been clarified, the Court will defer entering another pre-trial Order.

Additionally, the parties were previously directed to state whether or not they were willing to participate in a settlement conference. ECF No. 42. In February 2023, Defendant was not willing to do so. ECF No. 49. If the parties' positions have changed and they are willing to have a settlement conference, the parties must notify the Court no later than **August 4, 2023**.

Accordingly, it is

**ORDERED:**

1. The Clerk of Court shall remove the stay and return this case to the Court's active docket.

2. Plaintiff's counsel shall confirm continued representation of Plaintiff no later than **July 28, 2023**.

3.  The parties must notify the Court by **August 4, 2023**, whether or not they are willing to participate in a settlement conference.

4.  The Clerk of Court shall return this file upon receipt of responses to this Order or no later than August 4, 2023.

**DONE AND ORDERED** on July 11, 2023.

<u>S/   Martin A. Fitzpatrick</u>
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

Case No. 4:21cv470-MAF