UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CHAD EDWARD JOHNSON,

    Plaintiff,

v.

LT. JACKIE SOLOMON,

    Defendant.

Case No. 4:21-cv-470-MAF-
[CONSENT]

**PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT LIMITED
DISCOVERY AND SUPPLEMENT PRETRIAL DISCLOSURES**

Under Rule 16(b)(4) and the Court's inherent authority to manage its docket, Plaintiff Chad Johnson asks the Court to reopen discovery for 60 days to allow Plaintiff's newly appearing counsel subpoena records from the Liberty County Sheriff's Office, Franklin County Sheriff's Office, and, if necessary, the appropriate offices related to Plaintiff's recently concluded criminal prosecution. Counsel would also seek to inspect the jail. In addition, Plaintiff requests an opportunity to supplement his pretrial documents to include any materials obtained during discovery, as well as to include witnesses, including those who are already identified in Defendant's trial exhibits.

As grounds, Plaintiff states:

## **BRIEF BACKGROUND**

Plaintiff, proceeding pro se, sued for a violation of his civil rights while detained in March 2020 at the Liberty County Jail. ECF No. 6. According to the allegations in the operative complaint, Plaintiff was pepper sprayed by Defendant in retaliation for events preceding the use of force—his entry into the control area and attempted escape from the jail—and left to sit with chemical agents on his face without any aid. *Id.* Defendant denies that she administered chemical agents, though she admits that video shows her carrying a canister of OC Spray after the disturbance. *See, e.g.*, ECF No. 57-1 at 2–3.

This case was briefly stayed at counsel's request because Plaintiff was facing open criminal proceedings related to, among other things, his attempted escape from the Liberty County Jail and battery on a correctional officer there. ECF No. 68. Now that those matters are resolved, Plaintiff will proceed to trial. Before the stay, this matter was set for a trial in May 2023; Plaintiff was required to file pretrial documents by March 17, 2023. ECF No. 52. In the motion to stay, counsel asked the Court to allow Plaintiff additional time to file his pretrial documents if the motion was denied. ECF No. 54 at 4. At that time, counsel also previewed that Plaintiff may also ask

to obtain some documents outside the discovery period "on a limited basis to prepare for trial" absent a stay. *Id.* at 4 n. 1.

Days before filing the motion to stay, Plaintiff, pro se, filed his pretrial statement and documents, stating that he would call no witness and would only present his testimony and the exhibits attached to his complaint on exhaustion. ECF No. 53.

## **MEMORANDUM OF LAW**

### I.    **Legal Standard**

Under Rule 16, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The good cause standard "precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Harris v. Reverse Mortg. Solutions, Inc.*, 800 Fed. Appx. 708, 711 (11th Cir. 2020) (citing *Sosa v. Airprint Sys., Inc.*, 13 F.3d 1417, 1418 (11th Cir. 1998) (quotations omitted).

Rule 16 grants district courts the power to police their dockets, including the imposition of deadlines. *Mingo v. Sugar Cane Growers Co-Op of Florida*, 864 F.2d 101, 102 (11th Cir. 1989). If litigants diligently pursue their rights but for reasons other than their own negligence cannot meet scheduling order deadlines, the court should exercise its discretion and

modify its scheduling order. *Payne v. Ryder Sys.*, 173 F.R.D. 537, 539 (M.D. Fla. 1997).

## II. Discussion

To better prepare for trial, Plaintiff respectfully requests that he be permitted leave to conduct limited discovery and supplement his pretrial disclosures.

### A. Limited Discovery Will Help Plaintiff Present His Case.

First, Defendant's employer, the Liberty County Sheriff's Office, may have materials that can help Plaintiff prepare his case for trial. Those may include logs, documents, and other records not produced by the defense at trial exhibits. For example, as an exhibit for trial, Defendant produced as Ex. 31 under "Examples of Use of Force Reports," a memorandum from a sergeant at the jail to defense counsel noting that he had observed post-incident video from 5:00 a.m. depicting Defendant with OC Spray—"a black canister"—in her hand. *See* Def. Ex. 31, attached as **Exhibit A**. In the memorandum, the sergeant states that he did not see any use of the OC Spray on any of the inmates by Defendant. *Id.* This memorandum is dated March 18, 2022—after the lawsuit was filed—and notes that the video was reviewed on that date. This video is not part of the defense exhibits. Without the ability to conduct discovery, Plaintiff would have to ask for a

4

copy under Public Records Act and then likely litigate security exemptions. That would be arduous and may not materialize before trial. Further, if the video no longer exists, then Plaintiff should be able establish that well before trial so that the jury can be properly instructed on that issue. In addition to this video, the Liberty County Sheriff's Office could have additional relevant materials, like documents evidencing the weight of Defendant's OC Spray canister to help determine whether it was sprayed that morning. Similarly, the Franklin County Sheriff's Office—where Plaintiff was transferred after the attempted escape—may have additional information other than the scant intake record that Defendant intends to rely on at trial.

    Second, defense counsel has represented to the undersigned that video from directly outside the holding cells where Plaintiff was taken after the incident no longer exists.[1] Plaintiff stated in his deposition, however, that his public defender had seen video of Defendant pepper-spraying him. ECF No. 65-1 at 16:1-21 (under seal). Plaintiff is now endeavoring to obtain all records from the criminal proceedings involving his attempted escape from the jail. Although Plaintiff may again be able to obtain some of these

---

[1] Arguably, Defendant, who was the jail administrator, had a duty to preserve these videos.

documents by request or under the Public Records Act, judicial economy and fairness should dictate that Plaintiff be afforded some leeway to subpoena the relevant offices involved in the criminal proceeding. As the Court noted, Plaintiff's conduct while pro se "demonstrate[d that] he lacks legal sophistication and training." ECF No. 59 at 5.

Finally, Plaintiff's counsel would ask for an opportunity to inspect the jail to see firsthand where the incidents occurred and where Plaintiff was held in confinement after the attempted escape. Defendant has provided some video of the areas and cells as trial exhibits, and Plaintiff would like an opportunity to see those areas firsthand.

### B. Plaintiff Should be Permitted to Supplement his Pretrial Documents.

Upon completion of this limited discovery, or if the request for leave to is denied, then Plaintiff would ask that he be permitted to supplement his pretrial documents and provide alternate proposed jury instructions within a short period of time.

To the extent Plaintiff is permitted leeway to conduct limited discovery, he would ask that he be permitted to amend pretrial documents to reflect whatever information and witnesses he has uncovered through such discovery. If the Court were to deny the request for limited discovery but permit Plaintiff to amend some of his pretrial disclosures, Plaintiff would

request that he be permitted to revise his witness list to include the other inmates at the jail who were confined with him after the attempted escape, as well as his former public defender.

Specifically, Plaintiff asserts that he should be permitted to call at trial the other individuals who were detained with him after the attempted escape. At this time, only Alex Kinsey and Joshua Standridge are known to him. They are identified in Defendant's trial exhibits—specifically, Def. Exs. 9 & 10, which contain an event log with the inmates in highlighted text, and a jail placement log identifying the same two inmates, respectively:

| Event Log #L047717 | 3 Inmates Invovled | | |
|---|---|---|---|
| Scheduled | Completed | Completed By | Type |
| 03/23/2020 09:15 | 03/23/2020 10:00 | HILL, SHEILA | FIRST APPEARANCE |
| Involved Inmates | | | |
| JOHNSON, CHAD EUGENE (B190880) Released 3/23/2020   KINSEY, ALEX JORDAN REID (B200176) Released 10/5/2020   STANDRIDGE, JOSHUA LYNN (B200194) Released 12/7/2020 | | | |
| Comments | | | |
| DEPARTED JAIL TO FIRST APPEARANCE TO JUDGE HOSFORD OFFICES ESCORTED BY LT. SUMMERS, OFFICER DUGGER, OFFICER PALMER AND OFFICER | | | |

| CONFINEMENT | | | | |
|---|---|---|---|---|
| KINSEY, ALEX | | L | F | A |
| *JOHNSON, CHAD* | | L | F | A |
| STANDRIDGE, JOSHUA | | L | F | A |
| | TOTAL | 03 | | |

In addition, Plaintiff should be permitted to call his former public defender, who he asserts in his deposition saw videotape from outside the cell the morning of the incident. If that video no longer exists—which is what defense counsel has represented—, or if the Court does not permit

7

leave for limited discovery, she may be needed to testify on any observations from the video, assuming she has seen it.

Rule 26 provides that a party must supplement or correct its disclosure or response promptly "if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information <u>has not otherwise been made known to the other parties during the discovery process or in writing</u>." Fed. R. Civ. P. 26(e)(1)(A) (emphasis supplied). Rule 37 provides that "the party is not allowed to use that information or witness [not disclosed under Rule 26(a)] to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *see also Munnings v. FedEx Ground Package Sys., Inc.*, No. 6:07-cv-282-Orl-19KRS, 2008 WL 1849003, at *4 (M.D. Fla. Apr. 22, 2008). In determining whether a late witness should be excluded, this Circuit boils down the substantial justification/harmless inquiry into three factors: "(1) the importance of the testimony; (2) the reason for the [party's] failure to disclose the witness earlier; and (3) the prejudice to the opposing party if the witness had been allowed to testify." *Bearint ex rel. Bearint v. Dorel Juv. Grp., Inc.*, 389 F.3d 1339, 1353 (11th Cir. 2004). The first and third factors—importance and prejudice—, "together, can outweigh the second

[factor]." *Romero v. Drummond*, 552 F.3d 1303, 1321 (11th Cir. 2008). And as is "often stated" by the Eleventh Circuit when considering exclusion of evidence, courts "have a strong preference for deciding cases on the merits." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1332 (11th Cir. 2014).

Here, there is no prejudice to allowing the other inmates testify to what they saw on the morning of March 22, 2020 or Plaintiff's public defender to testify to any video she has observed, if that video no longer exists or cannot be produced. Nor can it be said that Defendant did not know that these individuals would be possible witnesses here or that they would not be important percipient or other fact witnesses—her own trial exhibits identify these witnesses.

## **CONCLUSION**

For all these reasons, Plaintiff Chad Johnson respectfully requests that the Court grant leave to permit 60 days for his newly appearing counsel to undertake limited discovery as set forth above and provide supplemental pretrial documents after completing the same. In the event the Court is not inclined to permit additional discovery, Plaintiff would respectfully request that he be permitted to amend his witness list to include the inmates who were with him after the incident at the jail as well as his former public defender.

Dated: July 28, 2023.

        Respectfully submitted,

        */s/ James M. Slater*
        James M. Slater (FBN 111779)
        SLATER LEGAL PLLC
        113 S. Monroe Street
        Tallahassee, Florida 32301
        james@slater.legal
        Tel. (305) 523-9023

        -and-

        LAW OFFICE OF JAMES COOK
        James V. Cook (FBN 966843)
        314 W. Jefferson Street
        Tallahassee, Florida 32301
        cookjv@gmail.com
        Tel. (850) 222-8080

        *Attorneys for Plaintiff*

## Certification Pursuant to L.R. 7.1(F)

Pursuant to Local Rule 7.1(F), I hereby certify that the foregoing document contains fewer than 2,000 words, inclusive of headings, footnotes, and quotations, but exclusive of the case style, signature block and certificates.

        By: */s/ James M. Slater*
            James M. Slater

**Certificate of Good Faith Conference**

I hereby certify pursuant to Local Rule 7.1(B) that I have attempted conferred in good faith with opposing counsel via email on July 28, 2023 regarding the relief requested herein. Defense counsel stated that he is on vacation and would not be able to meaningfully confer until at least Tuesday next week. The undersigned informed opposing counsel that he would file this motion today along with counsel's notices of appearance in an effort to inform the Court promptly of these issues prior to the entry of any pretrial order setting a trial date, so as to minimize any judicial waste. Plaintiff's counsel will endeavor to have a meaningful conference with defense counsel next week and will advise the Court promptly of Defendant's position on any of the issues.

By: */s/ James M. Slater*
James M. Slater