IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**CHAD EDWARD JOHNSON,**

    Plaintiff,

vs.                                             Case No. 4:21cv470-MAF

**LT. JACKIE SOLOMON,**

    Defendant.

_____/

## O R D E R

Plaintiff initiated this case as a pro se inmate while housed at the Bay County Jail. Plaintiff alleged that while he was housed at the Liberty County Jail, Defendant Solomon unnecessarily used pepper spray on him as an act of retaliation and not as a justifiable use of force. ECF No. 1. After granting Defendant's motion to dismiss in part, *see* ECF No. 27, the parties were given an opportunity to conduct discovery, ECF No. 30. Defendant took Plaintiff's deposition, *see* ECF Nos. 31-32 and 65, and served a request for interrogatories. ECF No. 66-1. Having reviewed this record, it is assumed that the pro se Plaintiff did not request any discovery.

On the eve of trial, counsel was sought to represent Plaintiff. ECF No. 52. Although counsel made a limited appearance on March 17, 2023,[1] ECF No. 54, notices of appearance of counsel have now been filed. ECF Nos. 72, 74. Plaintiff, through counsel, has recently filed a motion for leave to conduct limited discovery and supplement pretrial disclosures. ECF No. 73. Plaintiff requested that discovery be reopened for 60 days so that counsel can obtain records from the jail, inspect the jail, and supplement his pretrial documents by listing witnesses and additional exhibits. *Id.* Defendant was provided with time to respond to the motion, ECF No. 75, and to also address whether or not mediation was desired. Defendant has now filed a response. ECF No. 77.

First, Defendant has made clear her continued opposition to participating in a settlement conference. ECF No. 77. As it does not appear beneficial, the parties will not be require to mediate this case at this time.

Second, Defendant objects to the "time and expense associated with conducting additional discovery." ECF No. 77 at 2. However, if discovery

---

[1] This case was stayed pending the resolution of Plaintiff's state criminal trial, ECF No. 64, but the stay has now been lifted, ECF No. 71.

were permitted, Defendant "would request to also participate in the limited discovery and supplement the pretrial disclosures." *Id.*

As Plaintiff is now represented by counsel, providing additional discovery would, without question, be beneficial. It does not appear that Plaintiff seeks a lengthy discovery period and the information to be sought (as stated in the motion) is relevant. Defendant has not demonstrated prejudice if the motion were granted. Further, Defendant's opposition to the time and expense required in conducting additional discovery is diminished by the simultaneous request to participate. Therefore, Plaintiff's motion for leave to conduct limited discovery and supplement pretrial disclosures, ECF No. 73, is **GRANTED**.

The parties shall have until **October 12, 2023**, to conduct additional discovery to prepare for trial. Notably, this case was previously exempt from the requirement to exchange initial disclosures under Rule 26(a). *See* Fed. R. Civ. P. 26(a)(1)(B)(iv). However, Plaintiff is now represented by counsel. Thus, counsel must provide their initial disclosures by **August 31, 2023,** and must supplement their disclosures pursuant to Rule 26(e) in a timely manner. Finally, Plaintiff must timely serve a request for inspection

in accordance with Rule 34.  Defendant is advised that a "nonparty may be compelled to . . . permit an inspection."  Fed. R. Civ. P. 34(c).[2]

Accordingly, it is

**ORDERED:**

1.  Plaintiff's motion to conduct limited discovery and supplement the pretrial disclosures, ECF No. 73, is **GRANTED**.

2.  The parties shall have until **October 12, 2023**, to conduct additional discovery in preparation for trial.

3.  The parties must provide their Rule 26 initial disclosures by **August 31, 2023,** and must supplement their disclosures pursuant to Rule 26(e) in a timely manner.

4.  The Clerk of Court shall return this file upon the conclusion of the supplemental discovery period, October 12, 2023.

**DONE AND ORDERED** on August 8, 2023.

S/   Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] Plaintiff indicated he will "ask for an opportunity to inspect the jail to see firsthand where the incidents occurred and where Plaintiff was held in confinement after the attempted escape."  ECF No. 73 at 6.  Defendant points out that she is sued in her individual capacity and states that "any requests regarding inspection or viewing of the Jail would have to be addressed to the Sheriff's Office."  ECF No. 77 at 2, fn.1.