**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

CHAD EDWARD JOHNSON,

     Plaintiff,

vs.

LT. JACKIE SOLOMON,

     Defendant.

Case No. 4:21-cv-470-MAF

**PLAINTIFF'S MOTION TO COMPEL NONPARTY LIBERTY COUNTY**
**SHERIFF TO PERMIT PLAINTIFF'S COUNSEL TO TAKE**
**<u>PHOTOGRAPHS IN THE LIBERTY COUNTY JAIL</u>**

Pursuant to Rule 45, Plaintiff Chad Johnson moves this Honorable

Court for an order compelling nonparty Sheriff Buddy Money of the Liberty

County Sheriff's Office (or LCSO) to permit counsel to bring their camera

into the Liberty County Jail for Plaintiff's on-site inspection of parts of the

jail where matters complained of in this lawsuit allegedly occurred.

**I.     BACKGROUND**

1.     Plaintiff, proceeding pro se, filed this lawsuit asserting a

violation of his civil rights while detained in March 2020 at the Liberty

County Jail. ECF No. 6. Plaintiff was without counsel until the eve of trial, at

which point the case was briefly stayed pending the resolution of Plaintiff's

state criminal case. ECF No. 54.

2.      With the benefit of counsel, Plaintiff has asked the Court to authorize limited discovery to help Plaintiff prepare for trial, which the Court granted. ECF Nos. 73, 78.

3.      Plaintiff issued the attached Rule 45 subpoena to the Liberty County Sheriff's Office seeking the production of records as well as an inspection of the Liberty County Jail. *See* Subpoena, attached as **Exhibit 1**.

4.      In the subpoena, Plaintiff has requested all video of events of at the jail in the matter complained of in which he claims he was abusively exposed to chemical agents while in confinement in retaliation for entering the officer's station.

5.      Plaintiff has a good-faith basis to believe there is responsive video outside of the exhibits Defendant intends to introduce at trial that supports or is consistent with his claims. *See* ECF No. 73-1 (describing video footage observed by LCSO staff after the filing of this lawsuit that is not one of the videos Defendant plans to use at trial).

6.      Plaintiff has a good-faith basis to believe a camera captured the Defendant in the act of spraying Plaintiff with chemical agents, despite her denial. *See id.* (describing seeing Defendant on video in the area where Plaintiff was claims he was abusively exposed to chemical agents holding a

gas canister).

7.    Plaintiff needs to document the layout of the jail where the attempted escape occurred and where Plaintiff was later held in confinement, including the location of each camera and its coverage relating to the holding cell where Plaintiff was held. *See* ECF No. 73 at 6 (describing this need in the motion for leave).

8.    On August 14, 2023, Plaintiff served the above-referenced subpoena on the Liberty County Sheriff's Office. *See* Return of Service, attached as **Exhibit 2**.

9.    The Subpoena Form was AO 88B, with the language:

YOU ARE COMMANDED to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, **photograph**, test, or sample the property or any designated object or operation on it.

Ex. 1 (emphasis supplied).

10.    Through defense counsel, Plaintiff's counsel coordinated a date and time with LCSO to conduct the requested inspection, which due to several factors, including the hurricane, was set for September 1, 2023 at 2 p.m. eastern time.

11.    On the morning that counsel for Plaintiff was preparing to go to the Liberty County Jail to inspect the jail area, he received the following statement from Sgt. Bunkley of LCSO:

> You will be allowed to observe confinement areas, holding cells, booking location, and control room to the extent of two visitors. **<u>Additionally, there are certain things that visitors are not allowed to do, such as taking videos or photographs</u>**, asking questions involving inmates, walking around without an escort, and bringing cell phones or keys inside the jail. Please provide a driver's license and attorney bar card upon entry, with no exceptions. We appreciate your consideration of the jail policy and procedures.

*See* Correspondence from J. Hawkins, with attachment, attached as **Exhibit 3.**

12.    This last-minute denial of the ability to photograph the scene of the incident came as a surprise, as the subpoena clearly stated, through the form language, that the inspection could include photography. Furthermore, Plaintiff has not received any written objections to the subpoena from LCSO.

13.    The undersigned offered to work on a solution with LCSO to ensure that the inspection would not need to be adjourned but were told: no cameras would be permitted in the jail; jail personnel would be the only persons who could take any photographs; and the undersigned could "make a request and the Sheriff will consider providing a photo to you." *See*

4

Correspondence with LCSO, attached as **Exhibit 4**.

14.    Accordingly, Plaintiff asks the Court to order LCSO to permit Plaintiff's counsel to bring a camera into the Liberty County Jail to take photographs of the areas relevant to this case.

## II.    MEMORANDUM OF LAW

Rule 45 provides that a subpoena may command that the respondent "permit inspection of the premises." The Rule provides that the party serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a respondent. If an objection is made, the serving party may move the court for the district where compliance is required for an order compelling production or inspection. Fed.R.Civ.P. 45(d)(2)(B)(i).

The party opposing a subpoena has the burden of demonstrating that compliance with the subpoena presents an undue burden or that it requires the disclosure of privileged or protected information. *Fadalla v. Life Auto. Prods, Inc*., 258 F.R.D. 501, 504 (M.D. Fla. 2007). Written objections may be served by the non-party, but the objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. Fed. R. Civ. P. 45(d)(2)(B). "Typically, failure to serve written objections to a subpoena in the time provided by [Rule 45] waives any objections the party may have." *Cadle v. GEICO Gen. Ins. Co*., 2014 WL

12639859, at *3 (M.D. Fla. Aug. 29, 2014); *see Gulati v. Ormond Beach Hosp., LLC*, 2018 WL 7372080, at *2 (M.D. Fla. Dec. 17, 2018) ("When a party fails to respond to discovery, or provides untimely responses, whatever objections it might otherwise have had are generally deemed waived."). Here, no objection was made until after the time of compliance and hours before the mutually agreed date and time to visit the jail.

In the subpoena, Plaintiff stated the intention to "inspect, measure, survey, photograph, test, or sample the property" well in advance of the visit. There was sufficient notice for LCSO to file a timely motion to quash or modify the subpoena. But the recipient did not file a timely motion (or even serve objections) but waited until the morning of the visit to impose contrary conditions on the visit.

Further, LCSO would not have been able to show any basis for quashing the subpoena. The date of the inspection was negotiated and mutually agreed. The subpoena would not have required the subject to travel any distance for compliance. And finally, the subpoena would not have imposed an undue burden on the recipient. LCSO had already produced substantial surveillance video showing numerous parts of the jail where the events took place to defense counsel. Those exhibits are not subject to a protective order or any restrictions. The video the defense

6

intends to rely on at trial does not go beyond the attempted escape and matters related to that event, which preceded the claims at issue in this lawsuit. Instead, Defendant has disclosed photographic evidence of the confinement cell faces, but not the general area. Plaintiff needs to be able to photograph the areas where the incident happened as well as other areas of the jail, including where Sgt. Bunkley claimed to have been able to observe Defendant holding a gas canister. *See* ECF No. 73-1.

WHEREFORE, Plaintiff respectfully requests that the Court grant this Motion and order the Liberty County Sheriff to permit Plaintiff's counsel to bring a camera into the Liberty County Jail and photograph areas of the Liberty County Jail in support of Plaintiff's cause.

Dated: September 5, 2023.

Respectfully submitted,   *s/ James V. Cook*
JAMES V. COOK (FBN 0966843
Law Office of James Cook
314 West Jefferson Street
Tallahassee, FL 32301
(850) 222-8080; 561-0836 fax
cookjv@gmail.com

*Attorneys for Plaintiff*

**Certification Pursuant to L.R. 7.1(F)**

Pursuant to Local Rule 7.1(F), I hereby certify that the foregoing document contains fewer than 1,500 words, inclusive of headings, footnotes, and quotations, but exclusive of the case style, signature block and certificates.

By: */s/ James V. Cook*
James V. Cook

**Certificate of Service**

I hereby certify that on September 5, 2023, a true and correct copy of the foregoing motion was served on the Liberty County Sheriff Money by electronic mail to Sgt. Brandi Bunkley, bbunkley@libertycountysheriff.org, and by U.S. Mail to:

Sheriff Money
Liberty County Sheriff's Office
12832 N. Central Street
Bristol, FL 32321

By: */s/ James V. Cook*
James V. Cook