AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Florida

| Chad E. Johnson, | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 4:21-cv-470-MAF |
| Lt. Jackie Solomon, | ) | |
| | ) | |
| *Defendant* | ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Liberty County Sheriff's Office, Attn. Sheriff Money
12832 N. Central Street, Bristol, FL 32321

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: Slater Legal PLLC<br>113 S. Monroe Street<br>Tallahassee, FL 32301 | Date and Time:<br>08/25/2023 10:00 am |
|---|---|

☑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: Liberty County Jail<br>2499 Pogo Street, Bristol, FL 32321 | Date and Time:<br>08/24/2023 10:00 am |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 08/10/2023

*CLERK OF COURT*

OR

_____     /s/ James Slater
*Signature of Clerk or Deputy Clerk*     *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff
_____, who issues or requests this subpoena, are:
James Slater, Slater Legal PLLC, 113 S. Monroe Street, Tallahassee, FL 32301, james@slater.legal

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 4:21-cv-470-MAF

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____

on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc.:

Case 4:21-cv-00470-MAF   Document 79-1   Filed 09/05/23   Page 3 of 14

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
       **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CHAD EDWARD JOHNSON,

    Plaintiff,

v.

LT. JACKIE SOLOMON,

    Defendant.

Case No. 4:21-cv-470-MAF

**EXHIBIT 1 TO SUBPOENA TO LIBERTY COUNTY SHERIFF'S OFFICE TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS AND <u>PERMIT ON-SITE INSPECTION TO INSPECT AND RECORD</u>**

Please produce all records and things requested below by the date provided in the subpoena to the attention of James Slater, Slater Legal PLLC at 113 S. Monroe Street, Tallahassee, Florida 32301. Given the nature of the documents requested, you are requested to alternatively produce responsive documents electronically to james@slater.legal and cookjv@gmail.com.

Plaintiff also demands on-site inspection to inspect and record portions of the Liberty County Jail pursuant to Fed.R.Civ.P. 45.

## **DEFINITIONS AND INSTRUCTIONS**

### **Definitions**

1. The term "person" means any individual, natural person, witness, partnership, association, firm, corporation, organization, trust, governmental or public entity, and/or any of its agents, employees, assigns or representatives.

2. "Johnson" means Chad E. Johnson, DOB 7/27/1978.

3. "Solomon" or "Defendant" means Lieutenant Jackie Solomon.

4. "You" or "your" means nonparty Liberty County Sheriff's Office, and its employees, agents, servants, representatives, and all other persons acting on its behalf.

5. The "Facility" shall refer to Liberty County Jail.

6. The "Litigation" shall refer to the above-captioned lawsuit styled *Johnson v. Solomon*, Case No. 4:21-cv-470-MAF, pending in the United States District Court for the Northern District of Florida.

7. The terms "concerning," "relating to," or "relate to" shall mean to make a statement about, discuss, describe, disclose, confirm, support, describe, reflect, constitute, identify, deal with, consist of, establish, comprise, list, evidence, substantiate, or in any way pertain (in whole or in part) to the subject.

8. The words "and" as well as "or" shall be construed both disjunctively and conjunctively; the word "all" means "any and all"; the word "any" means "any and all"; the word "each" means "each and every"; the word "every" means "each and every.

9. The singular shall include the plural, the plural shall include the singular, and the masculine, feminine, and neuter shall include each gender.

10. The term "document" is defined to include, but is not limited to, any papers, writings, drafts, photographs, pictures, audio recordings, visual recordings, videos, notes, letters, diaries, agreements, contracts, calendars, memoranda, reports, drawings, plans, blueprints, notation books, financial records, computer or other business machine records, communications sent via any electronic means, including but not limited to internet, extranet and intranet, and any attachments to such electronic communications and any other data, compilations or written or graphic material stored in a tangible, electronic, mechanical or electric form, or any representation of any kind, including, but not limited to, materials stored on or in computer disks, networks, mainframes, hard drives, CD-ROM, tapes or other forms of memory, as well as back-up and deleted files of any computer, computer storage device or media, whether located on or off

3

site, from which the information can be obtained, as well as any draft, nonidentical copy, and/or translation of the foregoing. A draft or non-identical copy is a separate document within the meaning of the term.

11. The term "communication" means any transmission of data or information by whatever medium, and includes, but is not limited to, telephone calls, physical correspondence and email, recorded voice messages, exchanged handwritten notes or images, instant messages, direct messages, text messages, transmitted files, communications through proprietary software or third-party applications, communications through social media applications, and all other means and manner of transmission of data or information.

12. "Including" shall mean including but not limited to.

### Instructions

You shall identify and produce all documents that can be located or discovered through diligent effort by you, your employees, representatives, agents, attorneys, consultants or accountants.  This instruction applies to all documents that are in the business or personal files of, or accessible to you or your employees, or in the possession of, or accessible to your representatives, agents, attorneys, consultants or accountants. Each document shall be produced in the form in which it is

maintained in the normal course of your activities.

    2.    If you object to the production of any document covered by any of these Requests, in the response to the specific request that encompasses the document, state the objection, the basis for the objection and whether or not the document is being withheld because of the objection.  For each document being withheld for any reason, including a claim of privilege, state the following in the response to the request encompassing the document:

    a.    the reason or reasons you are withholding the document, including any specific privilege you claim protects the document;

    b.    the facts supporting the privilege or other reason or reasons for withholding the document;

    c.    the date when the document was prepared or originated;

    d.    the name(s) or the person(s) who wrote or prepared the document, along with information regarding their relationship to the person(s);

    e.    the names of each person to whom the document was addressed or copied, as well as the names of each person who may have seen the document, along with information regarding your relationship to each person;

    f.    the subject matter of the document; and

    g.    the name and address of each person who has personal knowledge of the subject matter of the document.

3. If you object or otherwise refuse to respond or produce documents in response to any portion of a document request, you shall provide all documents and information called for by that portion of the request for production that you do not object to and/or to which you do not refuse to respond as follows:

  a. If you object to a document request on the ground that it is too broad (i.e. if you believe it calls for information outside the scope of permissible discovery as defined by Rule 45 of the Federal Rules of Civil Procedure), you shall produce documents and things in response to that Request by producing all documents and things that are within the permissible scope of discovery and identify all categories of documents being withheld;

  b. If you object to a document request on the ground that to produce documents and things would constitute an undue burden, then you shall produce as many of the requested documents and things as can be provided without undertaking an undue burden;

  c. If you object to any portion of a document request on the ground that it is vague or indefinite, then you shall set forth your understanding of the allegedly vague or indefinite term and shall then produce documents and things based upon that stated understanding.

4. Please produce documents responsive to individual Requests as soon as possible and without waiting to produce documents responsive to other Requests whenever possible.

5. Unless another time period is specified, this request for production is addressed to the time period from <u>January 1, 2020</u> to the present.

6. You are cautioned against providing boilerplate objections without providing a detailed basis for the objection. Such objections are improper under Rule 45(d)(2)(B).

7. All materials are demanded without redactions except for: information required to be redacted in Fed.R.Civ.P. 5.2; employee ID numbers; and personal information set forth in Florida Statutes 119.071(4)(d)2a; provided, however, redaction should not include any birth years or the last four digits of any social security number.

## **REQUESTED DOCUMENTS**

1. All records concerning Johnson, including without limitation all incident reports, disciplinary records, intake forms, medical records, grievances, and appeals.

2. To the extent not contained in request no. 1 above, Johnson's complete jail file.

3. All nonprivileged communications between or among you, including your staff and Solomon, and any other party concerning Johnson, noting any otherwise responsive material deemed to be privileged.

    4.    All nonprivileged communications between or among you, including your staff and Solomon, and any other party concerning Alex J. Kinsey, noting any otherwise responsive material deemed to be privileged..

    5.    All nonprivileged communications between or among you, including your staff and Defendant, and any other party concerning Josh L. Standridge, noting any otherwise responsive material deemed to be privileged.

    6.    The complete personnel file for Solomon, without redactions (except for those noted in Instruction No. 7, above).

    7.    The complete disciplinary record for Solomon, to the extent not included in the personnel file requested above, including all internal affairs records.

    8.    All complaints and grievances made concerning Solomon's use of chemical agents or unnecessary or excessive force.

    9.    The complete duty roster for the Facility from March 20, 2020, through March 24, 2020.

    10.    All inmate logs/jail rosters for the Facility from March 20, 2020, through March 24, 2020.

    11.    All inventory logs of chemical agent canisters, including weight measurements, from March 20, 2020, through March 24, 2020.

12. To the extent not contemplated by Request No. 11 above, documents sufficient to evidence the weight of Solomon's issued chemical agent canister from March 20, 2020, through March 24, 2020.

13. All video, audio, and/or audiovisual recordings for the Facility showing the confinement areas, upstairs foyer, and areas of ingress and egress from confinement from 12:00 A.M. to 9:00 A.M. on March 22, 2020.

14. Your Use of Force Policy and Inmate Grievance Procedure in effect in 2020.

15. To the extent not contemplated by Request No. 14 above, policies and procedures sufficient to demonstrate protocols for use and storage of chemical agents at the Facility.

16. All documents and communications relating to the preservation or retention of audio, video, and/or audiovisual recordings taken inside or depicting the inside of the Facility from March 22, 2020.

17. All training materials you provide your staff concerning the use of chemical agents.

18. All statements of the Plaintiff, in whatever form, relating to this Litigation.

19. All nonprivileged communications between you any other third party concerning the Litigation, noting any otherwise responsive material deemed to be privileged.

20. All communications and records relating to Sgt. B. Bunkley's March 18, 2022 memorandum to T. Warner referencing "Inmate Chad Johnson vs Captain Solomon." A copy of the memorandum is attached hereto.

21. All documents and records referenced in the memorandum identified in Request No. 20 above, including, without limitation, the policies and procedures on use of force and grievances, "statements from inmates that had any involvement in the incident on March 22, 2020" and the jail roster for March 22-23, 2020.

22. All documents and records related to the "thorough research" referenced in the third paragraph of the memorandum identified in Request No. 20 above.

23. A privilege log that includes (1) the date of the record withheld, (2) the author, (3) the nature of the record, (4) the subject matter, (5) all recipients, and (6) the privilege asserted. It should include enough information to allow the requesting party to challenge the privilege.

TO:     Mr. Tim Warner

From:   Sgt. B. Bunkley

Date:   March 18, 2022

REF:    Inmate Chad Johnson vs Captain Solomon

On March 18, 2022, while reviewing the video on the day in question March 22, 2020. At approximately 5:00 am I saw Lt. Solomon in the foyer upstairs with Deputy Neil Shuler. Deputy Shuler had a taser in his hand and Lt. Solomon had a black canister in her hand. On the video it showed Lt. Solomon and Deputy Shuler exit the foyer without using chemical agent, taser or any use of force on any inmates. See attached examples of Use of Force Reports that Lt. Solomon completes when any force is used. After further investigation, no incident was submitted by Lt. Solomon on said date.

The above time and date were the last point of contact Lt. Solomon had with inmate Johnson. Anytime use of force is used on inmates an incident report would be generated. Attached are the Use of Force Policy and Inmate Grievance Procedure. Also see attached statements from inmates that had any involvement in the incident on March 22, 2020, as well as the Jail Roster for March 22-23, 2020.

After a thorough research no grievance was found or received form Inmate Johnson.

Unfortunately, my cell phone service was with Straighttalk and they could not provide me with a detailed printout of calls made/received on date in question.

JOH1-000033

Defendant's Trial Exhibit 31