UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CHAD EDWARD JOHNSON,

    Plaintiff,

v.                                          Case No. 4:21-cv-470-MAF

LT. JACKIE SOLOMON,

    Defendant.

## NONPARTY LIBERTY COUNTY SHERIFF'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL NONPARTY LIBERTY COUNTY SHERIFF TO PERMIT PLAINTIFF'S COUNSEL TO TAKE PHOTOGRAPHS IN THE LIBERTY COUNTY JAIL

COMES NOW, NONPARTY, Buddy Money, Sheriff of Liberty County (hereinafter, "Sheriff"), in his official capacity, and responds to Plaintiff's Motion to Compel Nonparty Liberty County Sheriff to Permit Plaintiff's Counsel to Take Photographs in the Liberty County Jail, and states in support:

    1.    On August 14, 2023, Plaintiff issued a Rule 45 subpoena to the Liberty County Sheriff's Office seeking the production of records as well as inspection of the Liberty County Jail, including taking photographs inside of the jail. See subpoena (ECF 79-1).

    2.    The subpoena stated: "**YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or

controlled by you at the time, date and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it."

3. On September, the undersigned sent an email to Plaintiff's Counsel with an August 31, 2023 letter from Sheriff Buddy Money attached (ECF 79-3). The Sheriff's letter stated the following: "You will be allowed to observe the confinement areas, holding cells, booking location, and control room to the extent of two visitors. Additionally, there are certain things that visitors are not allowed to do, such as taking videos or photographs, asking questions involving inmates, walking around without an escort, and bringing cell phones or keys inside the jail."

4. On September 1, 2023, Sgt. Brandi Bunkley sent an email to Plaintiff's Counsel (ECF 79-4) explaining that Plaintiff's Counsel's request to have their own cameras brought inside the jail would be a potential security risk.

5. On September 5, 2023, Plaintiff filed his Motion to Compel Nonparty Liberty County Sheriff to Permit Plaintiff's Counsel to Take Photographs in the Liberty County Jail (ECF 79).

6. On September 7, 2023, this Court entered an Order (ECF 80) requiring a response to Plaintiff's Motion.

7.     Sgt. Brandi Bunkley, Liberty County Sheriff's Office, has been designated as the Custodian of Records by the Liberty County Sheriff regarding the authenticity of any written reports, videotapes, and/or photographs related to this incident.  In addition, Sgt. Brandi Bunkley can provide information concerning the configuration of the Liberty County Jail in March 2020, and the existence of video cameras inside the Jail during that timeframe.  As stated in Sgt. Bunkley's affidavit, which is attached hereto, she conducted the search for documentation and videotapes in the possession of the Liberty County Jail regarding the March 22, 2020 incident and she has ascertained that the Liberty County Jail is not in possession of any video showing the first-floor area of the Jail on the morning of March 22, 2020, during the timeframe when Plaintiff claims to have been pepper-sprayed.  In addition, the video system in use at the Jail at that time would automatically record over existing video approximately every 30 days and if that earlier video recording was overwritten, it could not be retrieved.  Sgt. Bunkley did not locate any documentation to indicate that anyone had requested that the Sheriff retrieve any video of that area of the first floor of the Jail within the 30-day time period before any videotape would have been automatically overwritten.  Sgt. Bunkley also did not locate any incident

report regarding an alleged March 22, 2020, pepper-spray incident in the possession of the Sheriff. (See attached affidavit of Sgt. Brandi Bunkley).

8. In addition, the Plaintiff did not send any grievances to the Sheriff within the thirty (30) day period after he was allegedly pepper-sprayed wherein he alleged that he had been pepper-sprayed on March 22, 2020. It was not until he submitted a written inmate grievance to the Liberty County Sheriff, on April 22, 2021, that Plaintiff mentioned that he was pepper-sprayed by Jackie Solomon on March 22, 2020. (See attached grievance submitted by Plaintiff to the Liberty County Sheriff). The prior grievances submitted by the Plaintiff to the Franklin County Jail on March 21, 2021, and March 24, 2021, did not contain any reference to Jackie Solomon pepper-spraying him on March 22, 2020. (See attached grievance submitted by Plaintiff to Franklin County Sheriff).

9. Furthermore, there are security concerns associated with the taking of additional photographs and videotapes of the interior of the Liberty County Jail, as outlined in the Memo below. Therefore, the Sheriff respectfully requests that this Court take those security concerns into consideration when addressing this issue. As previously offered by the Sheriff, Plaintiff's counsel would be allowed to coordinate a mutually convenient date and time to physically view the interior of the Jail; however,

the Sheriff requests that those parameters set forth in the previous email (ECF 79-3) to Plaintiff's counsel be followed.

## **MEMORANDUM OF LAW**

The Federal Rules of Civil Procedure adopt a liberal approach toward discovery, with the aim of ensuring that, "civil trials in the federal courts [are] no longer … carried on in the dark." *Hickman v. Taylor*, 329 U.S. 465, 501 (1947). To this end, parties in federal litigation, "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). To be discoverable the information need not be admissible if, "the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id*.

Rule 34 provides, inter alia, that a party can serve a request within the scope of Rule 26(b) on another party to "permit entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it." Fed. R. Civ. P. 34(a)(2).

The party who opposes a subpoena has the burden to demonstrate that compliance with the subpoena presents an undue burden or that it requires the disclosure of privileged or protected information. *Fadalla v. Life*

*Auto Prods, Inc.*, 258 F.R.D. 501, 504 (M.D. Fla. 2007). The Sheriff contends that complying with Plaintiff's subpoena presents an undue burden. In order to allow Plaintiff's Counsel to take photographs in the Jail, the Sheriff would have to remove all inmates from the areas subject to inspection in order to avoid having them photographed.

While the scope of discovery in federal court is broad, it is not unlimited. On a showing of "good cause," a court may enter a protective order to protect a party or non-party "from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). A court considering a motion for protective order must balance the interests of the requesting party in obtaining the information against the responding party's (or a third party's) interest in avoiding annoyance, embarrassment, oppression, or undue burden. *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1535, 1547 (11th Cir. 1985). The party seeking a protective order bears the burden of showing good cause for limiting discovery. *Auto-Owners Ins. Co.* v. *Southeast Floating Docks, Inc.*, 231 F.R.D. 426, 429-30 (M.D. Fla. 2005). Here, the Sheriff has good cause for limiting Plaintiff's counsel to inspect the Jail, but not allowing Counsel to take photographs, as bringing a camera into the Jail is a security risk.

Plaintiff's counsel has represented that they have a good-faith basis to believe there is video outside of the exhibits Defendant intends to introduce at trial that supports or is consistent with his claim, specifically that he has a belief that a camera captured the Defendant in the act of spraying Plaintiff with chemical agents.  While Plaintiff's counsel has not stated the basis or source of this "good-faith" belief that a video of the alleged event exists, in the event that the source of this "good-faith" belief is Plaintiff's criminal defense counsel, Plaintiff's counsel can make a request to Plaintiff's criminal defense counsel for said video.  As stated in Sgt. Bunkley's affidavit, the Sheriff's Office has performed a search for the alleged video and there is no such video in the possession of the Sheriff.

The Sheriff acknowledges that there were security cameras located on in the first floor of the Liberty County Jail in March 2020; however, the video retention policy of the jail required that videos be retained only for a 30-day period. If no incidents were reported within 30 days or no written requests were received to preserve any video within that 30-day period, the video system was set up in a manner wherein any video footage was automatically overwritten. If a request had been made within a 30-day period, in the event that any video existed, it would have been preserved.  By way of example, the video footage of the upstairs dormitory area was preserved,

along with other footage as it relates to the attempted escape by Plaintiff, as well as his battery on the detention deputy.

All video footage that is in the possession of the Sheriff, as it relates to the Plaintiff's escape attempt and battery on a Corrections Officer in March 2020, is being provided in response to Plaintiff subpoena to produce documents.  The Sheriff has acknowledged that he is not in possession of any video showing the alleged pepper-spray incident in March 2020 and that any video of the first-floor area would have been automatically overwritten after thirty (30) days because there was no specific request to maintain a video, nor any report or grievance filed by Plaintiff.  As stated above, the Sheriff has looked for an incident report of the alleged event and has not found any such document. In addition, Plaintiff did not provide any written notification to the Sheriff that he had been pepper-sprayed until well after the 30-day period had expired.

The Sheriff is concerned about the security risks associated with this Court granting the Plaintiff's counsel's request to photograph and/or videotape the Jail. The Liberty County Sheriff's Office is a small agency with limited resources. Providing a tour of the jail to Plaintiff's attorney will take away from the limited resources of the jail, an accommodation the Sherriff is willing to make. However, given that the jail actively houses anywhere from

30 to 40 male inmates and 25 to 35 female inmates at any given time, having an attorney attempting to video or photograph the facility during the tour would not only potentially create a security risk, but would require additional personnel, as it would require an extra jailer to move the inmates and monitor the inmates in a different location from where they are normally located. Additionally, if an inmate does not wish to comply with the request to move from his or her normal location within the jail to accommodate an attorney's attempt to photograph or video that location at that moment, it could create a disturbance and a security issue within the jail.

The Sheriff would further submit that Florida Statutes § 119.071 provides several exemptions from inspection or copying of public records. "Any information revealing surveillance techniques or procedures or personnel is exempt from s. 119.071(1) and s. 24(a), Art. 1 of the State Constitution …." Fla. Stat. §119.071(2)(d). Florida Statutes § 119.071(3)(3)&(b) specifically addresses security plans, and any building plans, which depict the internal layout. As such, allowing Plaintiff's Counsel to come into the Jail and take photographs would present a security risk, as it could reveal information regarding the Liberty County Jail's security operations, the building layout, and the Sheriff's techniques and manner of monitoring inmates.

The Sheriff is more than willing to work with Plaintiff's Counsel to arrive at a solution for providing the information that Plaintiff seeks while also protecting the Sheriff's security interests. The Sheriff previously offered to allow the attorney visit to take place, whereby the different areas the Plaintiff's Counsel wishes to take photographs of can be noted. Subsequently, when that jailer is not occupied doing the tour with the attorney, and it is convenient for the jail personnel, i.e., when the inmates are out to rec time, or have been removed from the areas in question, photographs can be taken. The Sheriff is willing to provide requested photographs to Plaintiff's counsel within five business days of the specific request. However, the Sheriff would submit that photographs of the locations of security cameras and photographs that would provide the layout of the jail pose too much of a security risk, and the Sheriff reserves the right to object to specific requests if he has a security concern.

Furthermore, the Sheriff requests that any photographs or video recordings provided to Plaintiff and/or his counsel be subject to a Confidentiality Order.

WHEREFORE, the Sheriff requests that this response be deemed adequate and that the Court consider the Sheriff's security concerns when entering any Order concerning the Plaintiff's motion.

Respectfully submitted this 15th day of September, 2023.

WARNER LAW FIRM, P.A.

**/s/Jennifer A. Hawkins**

Jennifer A. Hawkins
Florida Bar No. 17694
Timothy M. Warner
Florida Bar No. 0642363
Gavin M. Handler
Florida Bar No. 1044318
501 W. 11th Street, Suite A
Panama City, FL 32401
Phone No. (850) 784-7772
pleadings@warnerlaw.us
*Counsel for Sheriff Buddy Money*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was filed this 15th day of September, 2023 via CM/ECF, which will send notice to all counsel of record.

WARNER LAW FIRM, P.A.
**/s/Jennifer A. Hawkins**
Florida Bar No. 17694
