IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CHAD EDWARD JOHNSON,

    Plaintiff,

vs.                                                         Case No. 4:21cv470-MAF

LT. JACKIE SOLOMON,

    Defendant.

_____/

**O R D E R**

This is a § 1983 civil rights case which concerns an alleged unnecessary and excessive use of force on a pre-trial detainee at the Liberty County Jail on March 22, 2020. ECF No. 6. Plaintiff, who is represented by counsel, filed a motion to compel, ECF No. 79, seeking an Order requiring nonparty Sheriff Buddy Money of the Liberty County Sheriff's Office [LCSO] to permit Plaintiff's counsel to take pictures of the layout of the Liberty County jail. Ruling on Plaintiff's motion to compel was deferred pending a response, ECF No. 80. Both the Defendant, ECF No. 83, and the nonparty Sheriff, ECF No. 82, have filed responses. Defendant Solomon defers to the Sheriff concerning the subpoena. ECF No. 83 at 3.

Plaintiff's motion advises that a Rule 45 subpoena was served on August 14, 2023, to permit entry of the purpose of inspecting, measuring, survey, and photographing the property pursuant to Rule 45. ECF No. 79 at 3. Through defense counsel, Plaintiff coordinated a date and time to conduct the inspection, but on the morning of the inspection, Plaintiff's counsel received notification from LCSO staff that counsel could "observe confinement areas, holding cells, booking location, and control room," but no videos or photographs would be permitted. *Id.* at 4. No written objections to the subpoena were received, and efforts to resolve the issue were not productive. *Id.* at 4-5.

As an additional issue, Plaintiff's motion advises that the subpoena also included a request for production. *Id.* at 2; *see also* ECF No. 79-1 at 1-13. Plaintiff sought the production of "all video, audio, and/or audiovisual recordings for the Facility showing the confinement areas, upstairs foyer, and areas of ingress and egress from confinement from 12:00 A.M. to 9:00 A.M. on March 22, 2020." ECF No. 79-1 at 12. Plaintiff asserts there is a "good-faith basis to believe there is responsive video outside of the exhibits Defendant intents to introduce at trial that supports or is consistent with his

claims." ECF No. 79 at 2; *see also* ECF No. 73-1; ECF No. 79-1 at 14.[1] In particular, Plaintiff believes that a "camera captured the Defendant in the act of spraying Plaintiff with chemical agents, despite her denial." ECF No. 79 at 2.

In response, the Sheriff acknowledges receipt of the subpoena which stated: "YOU ARE COMMANDED to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it." ECF No. 82 at 1-2. The Sheriff advises that Plaintiff's counsel was informed on September 1, 2023, that counsel's request to bring a camera "inside the jail would be a potential security risk." *Id.* at 2. The Sheriff argues that permitting Plaintiff's counsel "to take photographs in the Jail" would be an "undue burden" as all inmates in the areas subject to inspection would have to be removed "to avoid having them photographed." *Id.* at 6. At any given time, 30 - 40 male

---

[1] The referenced document is a memorandum from Sgt. B. Bunkley to Tim Warner dated March 18, 2022. ECF No. 79-1 at 14. The memorandum indicates Sgt. Bunkley reviewed a video of the day in question which shows Defendant Solomon with "a black canister in her hand." *Id.* It further indicates "no incident [report] was submitted by Lt. Solomon on" that date. *Id.*

inmates and 25 - 35 female inmates are housed at the jail.  Permitting photography during Plaintiff's jail tour would require additional personnel to move the inmates to a different location and monitor them.  *Id.* at 8-9.  Further, if an inmate did "not wish to comply with the request to move from his or her normal location . . . it could create a disturbance and a security issue within the jail."  *Id.* at 9.

The Sheriff asserts "good cause for limiting Plaintiff's counsel to inspect the Jail, but not allowing Counsel to take photographs, as bringing a camera into the Jail is a security risk."  ECF No. 82 at 6.  In addition, the Sheriff states he is "more than willing to work with Plaintiff's Counsel to arrive at a solution for providing the information that Plaintiff seeks while also protecting the Sheriff's security interests."  *Id.* at 10.  The Sheriff offered to allow counsel to tour the facility and note the areas where photographs are desired.  *Id.*  During a convenient time for jail personnel, photographs could be taken and provided to Plaintiff's counsel in a manner that does not provide the layout of the jail which would pose a security risk.  *Id.*

As for the second issue, the Sheriff contends that the records custodian, Sgt. Bunkley, made a search for responsive documents, but the

Sheriff does not possess "any video showing the first-floor area of the Jail on the morning of March 22, 2020, during the timeframe when Plaintiff claims to have been pepper-sprayed." ECF No. 82 at 3. It is explained that the Jail's video system automatically records over existing video every 30 days and that no request to preserve or retrieve that video was received within the 30 day time period. *Id.* Further, Sgt. Bunkley states that no incident report was located for the alleged March 22nd paper spray incident, nor did Plaintiff send any grievances to the Sheriff within 30 days of allegedly being sprayed. *Id.* at 3-4. Thus, without an incident report or written request, the video system would automatically overwrite existing video. *Id.* at 7. What has been preserve is video footage relating to Plaintiffs escape attempt and battery on a detention deputy which took place in the upstairs dormitory area. *Id.* at 7-8.

Rule 45 permits service of a subpoena to require the production of "designated documents, electronically stored information, or tangible things in that person's possession, custody, or control; or permit the inspection of premises." Fed. R. Civ. P. 45(a)(1)(A)(iii). Rule 45 also requires counsel to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). The Court may

sanction a party or attorney who fails to comply. *Id.* Rule 45(d) includes a process for a objecting to a subpoena.

> A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served.

Fed. R. Civ. P. 45(d)(2)(B). A party may also seek to quash or modify a subpoena by filing a timely motion.[2] Fed. R. Civ. P. 45(d)(3).

As outlined above, the Federal Rules of Civil Procedure provide an orderly process for addressing the competing interests of parties in litigation. That process requires compliance with the Rules to be effective. Plaintiff's subpoena was served on the Sheriff on Monday, August 14, 2023, at 4:40 p.m. ECF No. 79-2. It was not until Friday, September 1, 2023, at 9:30 a.m. that Plaintiff's counsel was informed via email of the Sheriff's refusal to allow photographs to be taken. ECF No. 79-4.

---

[2] Such a motion is permissible for reasons such as the subpoena does not "allow a reasonable time to comply," requires the "disclosure of privileged or other protected matter," or it "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A).

However, no motion to quash the subpoena was filed by Defendant, or the Sheriff. Moreover, no written objections to the subpoena were served.

"The failure to serve written objections to a subpoena within the time specified by Rule [45(d)(2)(B) ] typically constitutes a waiver of such objections, as does failing to file a timely motion to quash." Whatley v. World Fuel Servs. Corp., No. 20-20993-MC, 2020 WL 2616209, at *3 (S.D. Fla. May 22, 2020) (quoting Am. Fed'n of Musicians of the United States & Canada v. Skodam Films, LLC, 313 F.R.D. 39, 44 (N.D. Tex. 2015)); *see also* Carroll v. TheStreet.com, Inc., 2013 WL 12383301, at *1 (S.D. Fla. Apr. 15, 2013) ("[F]ailure to serve written objections to a subpoena generally waives any objections the person subject to a subpoena may have"). The Sheriff does not dispute when it received the subpoena and has not argued that there was insufficient time for serving objections. In light thereof, the objections are waived. The Sheriff is compelled to comply with the subpoena no later than **October 10, 2023**.

Notwithstanding this Order, Plaintiff's counsel is urged to coordinate and cooperate with opposing counsel. The security issues raised are not unimportant. Although Plaintiff seeks an Order requiring his counsel to be permitted to "bring a camera into the Liberty County Jail and photograph

areas of the Liberty County Jail in support of Plaintiff's cause, it may be possible to obtain the photographs while cooperating with Jail staff. Sergeant Bunkley of the LCSO offered to provide photographs of the areas requested and needed. *See* ECF No. 79-4 at 1. It should be possible to mutually take pictures in a way that minimizes disruptions to the jail, preserves the limited privacy interests of the detainees, and safeguards the security concerns associated with operating a jail. Doing so should occur with counsel present at the jail, even though the time may be inconvenient if the Sheriff deems it necessary to move inmates or detainees. This Order does not permit the Sheriff to unilaterally take photographs, nor is Plaintiff's counsel permitted to photograph any area of the jail desired. The parties must cooperate and work together to coordinate the necessary pictures.

The brief e-mail exchange does not reveal that much effort was made into resolving the issue prior to filing the motion. ECF No. 79-4. Of course the Court recognizes that the information was relayed to Plaintiff's counsel only 3½ hours prior to the scheduled inspection and tour of the facility. Nevertheless, going forward the parties are encouraged to cooperate and make a good faith effort to address the security needs of the Sheriff, a nonparty who should not be unduly burdened, and the legitimate discovery

needs of the Plaintiff. Additionally, as requested by the Sheriff, the parties are encouraged to mutually draft a Confidentiality Order to cover the photographs taken and video recordings provided to Plaintiff. *See* ECF No. 82 at 10.

Finally, the Court will not rule on the issue of missing video footage at this time. Plaintiff indicates that he believes a video exists "outside of the exhibits Defendant intends to introduce at trial . . . ." ECF No. 79 at 2. What is referenced is a memorandum which reveals a video exists, and was watched by Sergeant Bunkley, which shows the Defendant holding a canister of chemical agents in her hand. ECF No. 79-1 at 14. The video as described in the memorandum does not, according to Sergeant Bunkley, show the Defendant using the chemical agents. Plaintiff said he believed there is video of the Defendant "spraying Plaintiff with chemical agents, despite her denial." ECF No. 79 at 2. Plaintiff has not explained the basis for that belief. More importantly, Plaintiff has not demonstrated that a specific discovery request was made, and refused, such that the motion to compel should be granted as to the production.

The parties are reminded that the discovery period will close on October 12, 2023.  ECF No. 78.  If additional time is necessary, an appropriate motion may of course be filed.

Accordingly, it is **ORDERED:**

1.  Plaintiff's motion to compel, ECF No. 79, is **GRANTED in part** and **DENIED in part**.

2.  The motion is **GRANTED** to the extent that the Liberty County Sheriff must comply with the subpoena and permit inspection, to include limited photography as may be necessary, no later than **October 10, 2023**.

3.  The motion to compel is **DENIED** without prejudice as to Plaintiff's dispute with missing video.

4.  The parties must cooperate to mutually draft a Confidentiality Order to safeguard photographs and video of the Liberty County Jail.

5.  The Clerk of Court shall return this file upon the conclusion of the discovery period, October 12, 2023.

**DONE AND ORDERED** on September 19, 2023.

          S/   Martin A. Fitzpatrick
          **MARTIN A. FITZPATRICK**
          **UNITED STATES MAGISTRATE JUDGE**

Case No. 4:21cv470-MAF