# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**CHAD EDWARD JOHNSON,**

    Plaintiff,

vs.                                        Case No. 4:21cv470-MAF

**LT. JACKIE SOLOMON,**

    Defendant.

_____/

## PRE-TRIAL CONFERENCE ORDER

Plaintiff initiated this case as a pro se inmate while housed at the Bay County Jail, alleging that while housed at the Liberty County Jail, Defendant Solomon unnecessarily used pepper spray on him as an act of retaliation and not as a justifiable use of force. ECF No. 1. After granting Defendant's motion to dismiss in part, *see* ECF No. 27, the parties were given an opportunity to conduct discovery, ECF No. 30. Neither Plaintiff nor the Defendant filed a motion for summary judgment and a pre-trial Order was entered, ECF No. 40. That pre-trial process revealed that Plaintiff would be better served if counsel were obtained to represent Plaintiff, and an announcement was placed on the Court's website. ECF

No. 52.  Thereafter, counsel made a limited appearance on March 17, 2023.[1]  ECF No. 54.

This case was subsequently stayed pending the completion of Plaintiff's state criminal proceedings, ECF No. 68, but the stay was lifted in July 2023.  ECF No. 71.  Plaintiff, through counsel, was granted leave to conduct limited discovery and supplement pretrial disclosures.  ECF No. 73.  That supplemental discovery period has now ended, and the following pre-trial schedule and procedure is established:

I. **DATES FOR COMPLIANCE WITH PRE-TRIAL PROCEDURE**

A. This case shall be set for a pre-trial conference before United States Magistrate Judge Martin Fitzpatrick at the **U.S. District Courthouse, 111 N. Adams St., Tallahassee, Florida.**

B. Counsel for Plaintiff and Defendant must confer no later than **October 31, 2023**, and contact my courtroom deputy to schedule the pretrial conference.  If the afternoon of **December 12, 2023**, is not convenient for counsel, an alternate date and time during the week of **December 11, 2023**, must be provided.

---

[1] This case was stayed pending the resolution of Plaintiff's state criminal trial, ECF No. 64, but the stay has now been lifted, ECF No. 71.

Case No. 4:21cv470-MAF

C. The pre trial stipulation and other papers required by paragraphs III and IV shall be filed with the Clerk of this Court on or before **December 7, 2023.**

D. This case shall be scheduled for trial, with jury selection commencing on **Monday, January 29, 2024, at 9:00 a.m.**

## II.   ATTORNEYS TO CONFER

Counsel for the parties shall meet together (in person, on the telephone, or through video conferencing) no later than **November 29, 2023**, for the following purposes:

A. To discuss the possibility of settlement or mediation;

B. To stipulate to as many facts and issues as possible;

C. To draw up the pre-trial stipulation in accordance with Paragraph III of this order;

D. To examine all exhibits and documents proposed to be used in the trial;

E. To furnish opposing counsel the names and addresses of <u>all</u> witnesses, including the possible rebuttal witnesses and experts;

F.  To discuss the question of damages, including matters of evidence and proof which either party proposes to present at trial and the law in regard thereto; and

G.  To complete all other matters which may expedite both the pre-trial conference and the trial of this case.

H.  Counsel for Plaintiff shall initiate arrangements for the attorneys' conferences.  However, all attorneys in this cause are charged with the duty of meeting and complying with the schedule set forth in this Order.  If the schedule is not kept by any counsel, it is the duty of other counsel to insist upon the necessary meeting or meetings to effect the pre-trial stipulation, and failing to succeed, to advise the Court by motion seeking sanctions against any party failing or refusing to meet as directed after request.

### III.  PRE-TRIAL STIPULATION

The pre-trial stipulation shall contain:

A.  The basis of federal jurisdiction;

B.  A concise statement of the nature of the action;

C.  A brief general statement of each party's case;

  D. A list of all exhibits to be offered at the trial, noting any objections thereto and the grounds for each objection.

  E. A list of names and addresses of <u>all</u> witnesses including rebuttal and expert, intended to be called at the trial by each party.  Expert witnesses shall be labeled as such;

  F. A concise statement of those facts which are admitted and will require no proof at trial, together with any reservations directed to such admissions;

  G. A concise statement of those issues of fact which remain to be litigated;

  H. A concise statement of those issues of law upon which there is agreement;

  I. A concise statement of those issues of law which remain for determination by the Court;

  J. A concise statement of any disagreement as to the application of the Federal Rules of Evidence or the Federal Rules of Civil Procedure;

  K. Identification of any motions or other matters which require action by the Court;

Case No.: 4:21cv470-MAF

L.  A statement advising that the parties have discussed the feasibility of holding a bench trial as opposed to a jury trial;

M.  Counsels' respective estimates of the length of the trial; and

N.  The pre-trial stipulation must be signed by all counsel appearing for the parties.

## IV.  PAPERS TO BE SUBMITTED

No later than **December 7, 2023**, the parties shall file with the Clerk of this Court:

A.  The pre-trial stipulation prepared in accordance with Paragraph III of this Order.

B.  Should there be any dispute on issues of law, each party must file[2] a trial brief or memorandum of law which includes citations and legal support for that side's position on any disputed issue of law.

C.  Should the parties maintain their demand for a jury trial, the parties must file a written request for jury instructions, together with proposed forms of verdict pursuant to Fed. R. Civ. P. 51(a).  All requests

---

[2] All documents filed must, of course, be served on the opposing party.

for instructions shall contain citations of supporting authorities, and be numbered in sequence.

D.  Should the parties agree to proceed with a bench trial, counsel shall be prepared to submit to the Court proposed written findings of fact and conclusions of law (including a citation of authorities where appropriate under Fed. R. Civ. P. 52(a)(1)) **by the date of trial**.

E.  Counsel must provide any and all exhibits which are intended to be offered to the Clerk of Court so they can be properly marked for identification, preferably in the sequence proposed to be offered.[3]

## V. CONDUCT OF THE PRE-TRIAL CONFERENCE

A.  Counsel who will conduct the trial are required to be present for the pre-trial conference.  They will be prepared to act with final authority in the resolution of all matters.

B.  The Court will consider any pending motions and other matters then at issue.  The Court will review all matters contained in the pre-trial stipulation and consider any other matters which may be presented with a

---

[3] Any exhibit not provided to opposing counsel or included on the party's exhibit list will not be admitted.

Case No.: 4:21cv470-MAF

view towards simplifying the issues and bringing about a just, speedy and inexpensive determination of the case.

C.  Issues concerning the number of jurors, voi dire, and peremptory challenges under Fed. R. Civ. P. 47 will be considered, as well as particular issues concerning Court practices in holding the trial during the Covid-19 pandemic will also be considered.

## VI. PRE-TRIAL ORDER

A.  Counsel are permitted, but not required, to submit a proposed pre-trial order for the Court's consideration within seven (7) days after the pre-trial conference.  Any such Order must incorporate all pre-trial stipulations, in light of any additional agreements reached and rulings made at the pre-trial conference.

B.  After entry of the pre-trial Order, the pleadings will be merged therein and the pre-trial Order will control the course of the trial and may not be amended except by Order of the court in the furtherance of justice.

## VII. NEWLY DISCOVERED EVIDENCE OR WITNESSES

If new evidence or witnesses are discovered after the pre-trial conference, the party desiring to use the same shall immediately furnish complete details thereof, together with the reason for the late discovery, to

Case No.: 4:21cv470-MAF

the Court and to opposing counsel. *Use of such evidence or witnesses shall be allowed only upon good cause shown and an Order of this Court.* There remains a continuing duty upon each attorney to disclose all newly discovered information, evidence, or other material pursuant to Local Rule 26.2(G)(2).

## VIII. ADDITIONAL PRE-TRIAL CONFERENCES

If necessary or advisable, the Court may adjourn the pre-trial conference and may order additional pre-trial conferences.

## IX. SPECIAL MATTERS

A. Counsel must ensure that the Court is notified immediately pursuant to Local Rule 16.2 if this case is settled. If a party fails to give notice as required by Local Rule 16.2 in a jury trial, fees and expenses "will be assessed against the party or the party's attorney or both, unless the Court orders otherwise for good cause." N.D. Fla. Loc. R. 16.2(C).

B. Voir dire examination of jurors will be initially conducted by the Court. The parties shall submit in writing a list of subjects about which the parties wish the Court to inquire as part of their pretrial submissions which are due on **December 7, 2023**. At the conclusion of the Court's

Case No.: 4:21cv470-MAF

examination, reasonable opportunity will be given counsel to inquire further of prospective jurors in compliance with Fed. R. Civ. P. 47(a).

C.  Should a party's attorney fail to appear at the pre-trial conference or otherwise fail to comply with this order, an <u>ex parte</u> hearing may be held and judgment of dismissal or default or other appropriate judgment entered or sanctions imposed.

**DONE AND ORDERED** on October 16, 2023.

<u>S/   Martin A. Fitzpatrick</u>  
**MARTIN A. FITZPATRICK**  
**UNITED STATES MAGISTRATE JUDGE**