# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**CHAD EDWARD JOHNSON,**

    **Plaintiff,**

vs.                                        Case No. 4:21cv470-MAF

**LT. JACKIE SOLOMON,**

    **Defendant.**

_____/

## CONFIDENTIALITY ORDER

The parties have filed a Joint Motion for Confidentiality Order. ECF No. 85. The motion is granted and the parties shall comply with this Order governing the handling, maintenance, and use of discovery materials.

Accordingly, it is

**ORDERED:**

1. The Joint Motion for Confidentiality Order, ECF No. 85, is **GRANTED**, and this Order grants confidentiality to discovery materials pursuant to the parties' joint request.

2. Prisons and jails have security concerns in some discovery materials and have a legitimate need to ensure that such discovery

materials are not introduced into the public domain through the discovery process.  Litigants have discovery needs relating to their burdens of proof that may include such discovery materials.

     3.  Records that are likely to hold material evidence need not be withheld in discovery to prevent or limit public dissemination. This Protective Order will govern the handling of discovery materials, subject to further court review.

     4.  For purposes of this Order, the following discovery materials will be considered confidential:

          a. photographs taken inside the Liberty County Jail.

          b. Jail security video footage

     5.  This designation does not reflect a judicial ruling or stipulation by any Party that such materials are protected under federal law.  A Party may designate other records as "Confidential," a Party may challenge the protection of any particular record for a showing of "good cause" pursuant to Fed. R. Civ. P. 26(c), and Parties may file motions to protect other materials.

     6.  This Order does not alter the requirements under Fed. R. Civ. P. 5.2(a) for redaction of information from documents filed with the Court.

7. This Order does not apply to records already in the public domain.

8. The following definitions shall apply to this Confidentiality Order:

   a. "Parties" shall mean and refer to the Plaintiff and each Defendant in the above captioned case.

   b. "Qualified person(s)" shall mean and refer to:

   i. Counsel for the Parties and their employees, as well as contractors tasked with the reproduction of materials;

   ii. Expert witnesses and expert consultants for the Parties;

   iii. Deponents, to the extent needed in deposition, court reporters and persons preparing transcripts;

   iv. The Court and court personnel;

   v. Other persons only on order of the Court.

9. Confidential discovery materials as provided in this Order, if filed, shall be appropriately redacted or submitted to the Court with a motion to seal.

10. Confidential discovery materials as provided in this Order shall be disclosed only to Parties and Qualified Persons and used only for this litigation.

11. Confidential discovery materials as provided in this Order may be shown to expert witnesses or expert consultants retained by a Party only after such witness or consultant has agreed to be bound by this Order.

12. Confidential discovery materials as provided in this Order, when filed pursuant to a sealing order or court rule authorizing the filing under seal of certain records without a court order, shall be submitted to the Court in sealed envelopes or sealed containers on which shall be written:

a. the caption of this case;

b. the name of the filing party and description of the nature of the contents;

c. a statement substantially in the following form:

[DISCLOSING PARTY'S NAME] CONFIDENTIAL

This envelope (or container) is sealed pursuant to a Confidentiality Order, contains confidential information and is not to be opened or the contents thereof to be displayed or revealed except to counsel of record in these actions or by court order or pursuant to Order of the disclosing party in this action. The subject envelope or container shall not be opened without further order of the Court.

13. When confidential discovery materials as provided in this Order are expected to be presented in any pretrial proceeding, counsel for any Party may apply to the Court to limit persons permitted to be present to only Qualified persons.

14. If any Party objects to designation of any discovery material as "Confidential," the objecting party shall so notify the producing party in writing. If a dispute arises about the confidential nature of any materials or the duty to produce materials under this Order, the requesting party shall confer with the objecting party in good faith to resolve the dispute prior to resorting to Court action.

15. Producing materials in compliance with the terms of this Order shall not:

>a. Operate as an admission by any party that any particular discovery material contains or reflects any confidential matter; or
>
>b. Prejudice the rights of any party to object to the production of documents it considers not subject to discovery for reasons other than privilege; or

    c. Prejudice the rights of a party to seek a court determination whether particular discovery material should be produced; or

    d. Prejudice the rights of a party to apply to the court for a further protective order relating to any confidential information.

16.  Confidential materials shall not be left in the possession of a Party held in prison or jail, however the Party may review relevant confidential materials, including photographs, video and audio relating to the case, without retaining them, to the extent necessary for meaningful participation in the litigation.

17. Within thirty (30) days of conclusion of this litigation, including appeals, subject to further order of this Court, confidential discovery materials under this Order shall be destroyed or returned to the producing party and such materials that are electronically stored shall be permanently deleted.

**DONE AND ORDERED** on October 18, 2023.

        S/   Martin A. Fitzpatrick
        **MARTIN A. FITZPATRICK**
        **UNITED STATES MAGISTRATE JUDGE**

Case No. 4:21cv470-MAF